Stewart, J.
The sole question in this case is the amount of money which the state of Ohio shall be required to pay the property owners for the property which is taken from them.
The principle upon which the award should be made was enunciated in the syllabus in that part of the present cause which is reported in 152 Ohio St., 65, supra. Paragraph two of that syllabus reads:
“A proceeding to appropriate property for a public use is essentially in rem, and where property is sought in which separate interests or estates are owned by several persons as between the condemnor and the owners it is regarded as one estate and one offer or award as compensation for the entire land and the interests connected therewith is made, which sum takes the place of the property appropriated as the equivalent thereof. The division and distribution of the sum offered and accepted or of the award made among the owners of separate interests or estates rests wholly with them, and the condemner has no concern therewith.”
Appellant, Superintendent of Public Works, assigns six reasons why this court should reverse the judgment of the Court of Appeals and remand the cause to the trial court.
The first three reasons have to do with what is claimed to be an improper summoning of two jury talesmen who, as a matter of fact, did not serve on the jury; with a claim that two jurors were improperly approached; and with a claim that the trial judge, due to physical incapacity, was unable to rule upon objections and legal questions and was unable to be heard.
In our opinion the record does not show any error *458 in reference to these three matters. It is difficult to find any trace of them in the record. They seem utterly innocuous and appellant made no move for a mistrial in reference to these matters until after the judgment against him had been entered in the Court of Common Pleas.
The fourth reason urged by appellant is that in determining the fair market value of real estate in an appropriation proceeding it is not proper on direct examination to admit testimony as to the income from the business conducted on the property.
As a matter of fact, there was no testimony admitted as to income from commercial business conducted on the property but testimony was received as to the rentals which Schaeffer received from the dwellings and as to the nature of the businesses to which the property was adapted.
In our opinion this testimony was competent.
In estimating the value of property in an appropriation proceeding, it must be valued as to its worth generally, not for any particular use but for any and all uses for which it may be suitable.,
The true value of anything is what it is worth when applied to its natural and legitimate uses — its best and most valuable uses. Goodin v. Cincinnati & Whitewater Canal Co., 18 Ohio St., 169.
In ascertaining the amount which should be allowed in an appropriation proceeding, the jury should take into account not only the purposes for which the land is or has been applied, but any other beneficial purpose to which it may be applied. Cincinnati & Springfield Ry. Co. v. Exrs. of Longworth, 30 Ohio St., 108.
In the present case the property involved was developed for recreation, summer home and permanent home purposes, and in ascertaining its value as a whole it is essential to show the value of the improve *459 ments, the rental value thereof and the nature of the businesses which can be suitably carried on upon the premises.
As a rule, profits from commercial businesses on premises can not be shown in an appropriation proceeding for the reason that such profits are too speculative, depending as they do upon the acumen and skill of the one who carries on the business, but, assuredly, it is proper to show the kinds of businesses to which the premises are adaptable.
The fifth reason urged by appellant is that in determining the fair market value of real estate in an appropriation proceeding it is not proper on direct examination to admit testimony as to the value of the individual structures, buildings and improvements on the property rather than to confine the evidence to the market value of the property as a whole.
We are of the opinion that the testimony as to the value of the improvements on the property was competent.
It must be remembered that there were some 24 persons, aside from the Schaeffers, who had homes on the Schaeffer property, and, since they were all to share in the award made and since the value of their interests helped to make up the value of the property as a whole, it is difficult to see upon what theory the evidence of such values could properly be rejected.
It is true that the measure of the value in the present case is the market value of the property as a whole. However, “in determining the amount of compensation, or the market value of the property taken, each case must be considered in the light of its own facts, and every element that can fairly enter into the question of value, and which an ordinarily prudent business man would consider before forming judgment in making a purchase, should be considered.” 29 Corpus Juris Secundum, 971, Section 136.
*460 In Orgel on Valuation under Eminent Domain, 364, Section 107, it is stated:
* * though, compensation is required to be assessed in one lump sum, the owners of the various divided interests are themselves parties to the condemnation proceedings and are permitted to introduce evidence of the values of their respective interests.”
It would be difficult to see how a jury could intelligently assess the fair market value of a parcel of property as a whole if it were denied the right to receive evidence of the value of each and every improvement upon that property.
The sixth reason urged by appellant is the giving before argument of a special instruction to the jury by the court at the request of appellees and the refusal to give a special instruction requested by appellant.
We shall consider the refused special instruction first. It reads:
“I charge you as a matter of law, that you are to consider and find the fair market value for the entire property of parcels one, two and three as a whole. You must not assess the fair market value for each or any part or portion of the land, structures, buildings, or improvements, separately and by the addition of such separate values arrive at the market value of the entire property as a whole. ’ ’
In our opinion the trial court was justified in refusing to give this instruction. It could be misleading in that the jury might consider such an instruction to mean that it, the jury, was not to take into consideration in finding the fair market value of the whole property the evidence as to the fair market value of the various improvements on the property, and that would be misleading and incorrect.
However, in our opinion, a serious error was com *461 mitted in the giving of the special instruction requested by appellees. That charge reads:
. “I charge you as a matter of law that in fixing compensation for the property herein sought to be appropriated, the total award must not in any event be less-than the value of the land as a whole and the gross-value of the property to be appropriated must be ascertained by computing the amount of damages to each of the several persons owning an interest in the tract, including any special values due to the condition, development or other surrounding circumstances affecting any such interest in the land, even though the aggregate of such value is more than the value of the tract as a whole.”
In this instruction the court told the jury that it could return a verdict in the present case for an amount of money in excess of the value as a whole of the property condemned. That proposition seems to us to be directly contrary to what we decided in this very case. 152 Ohio St., supra.
On page 69 of that report Judge Zimmerman stated:
“* * * the following propositions, with which we agree, have been announced in a substantial majority of the cases.
* * In the event there are several interests or estates in the parcel of real estate appropriated, the proper method of fixing the value of each interest or estate is to determine the value of the property as a whole, with a later apportionment of the amount awarded among the several owners according to their respective estates, rather than to take each interest or estate as a unit and fix the value thereof separately. Hence, separate interests or estates, as between the eondemner and the owners, are regarded as one estate.”
That statement is in accord with reason and the. general rule.
*462 Where there are several interests in a single piece of property the general rule is that the value of such property is determined in gross and the award then apportioned among the various claimants. Annotations, 69 A. L. R., 1263, and 166 A. L. R., 1211.
In such a case it is also generally held that the sum of the separate values of the divided interests cannot exceed the value of the property as a whole, that is, the value as if the complete ownership of the property were in one person. United States v. 25.936 Acres of Land, 153 F. (2d), 277, wherein the Third Circuit 'Court of Appeals said:
“It is settled that when land in which various persons have separate interests or estates is taken by the United States for public use, the amount of compensation to be paid must be determined as if the property were in a single ownership and without reference to conflicting claims or liens. * * * The compensation paid is for the land itself and the value of the separate interests cannot exceed the worth of the whole.”
In Orgel on Valuation.under Eminent Domain, 362, Section 107, it is stated:
‘ ‘ The general legal doctrine as stated by courts and text writers is that compensation must be paid for the land that is taken, regardless of the separate interests in the land, and that the sum of the separate values of the divided interests may not exceed the value of the whole. This general rule is embodied in statutes in a number of different states.”
In the vast majority of cases’it is difficult to ascertain any material difference between the value of the undivided property as a whole and the sum of the values of the divided interests, and the small number of cases which have departed from the general rule and which are quoted in the concurring opinion in this case as reported in 152 Ohio St., supra, are cases in which the discrepancy between the value of the premises as a whole and the sum of the value of the divided interests *463 is apparent because of unusual conditions. Thus in the case of Boston Chamber of Commerce v. Boston,. 195 Mass., 338, 81 N. E., 244, the difference in the two values was $55,000. This was caused by the fact that the property was subject to various easements of way, light and air. The judgment in that case was affirmed by the Supreme Court of the United States (217 U. S., 189, 54 L. Ed., 725, 30 S. Ct., 459).
In the case of Mayor and City Council of Baltimore v. Latrobe et al., Trustees, 101 Md., 621, 61 A., 203, the premises were encumbered by an irredeemable ground rent, the value of which with the value of the reversioners’ interest was a sum greater than the value of the whole property if there had been no ground rent on it, and the Maryland court considered it as a case outside the general rule.
In its opinion, however, the court said:
“But the jury, or other tribunal authorized to make the award, should always keep the value of the entire property in mind, and should limit the whole amount to be paid to that value.”
That the Boston Chamber of Commerce case, supra, was an exception to the general rule, even in Massachusetts, is shown in the case of Burt v. Merchants Ins. Co., 115 Mass., 1, 15, where the court said:
“The situation of the estate and the manner of its occupation are doubtless to be taken into consideration in assessing the damages for taking the land and disturbing that occupation. But no contracts between the owners of different interests in the land can affect the right of the government to take the land for the public use, or oblige it to pay by way of compensation more than the entire value of the land as a whole.”
In the instant case, the trial court evidently justified the special instruction which we are discussing upon the language used in the concurring opinion in this case as reported in 152 Ohio St., supra, but it will be *464 seen that that language was supported very largely by eases where the courts departed from the usual doctrine that the compensation to be paid for property taken in condemnation must not exceed the fair market value of the property as a whole.
It will usually be found that where there is a departure from the general rule there are situations which are isolated and rare. The record does not show such a situation in the present case. The property •owners in the instant case were entitled to present evidence as to values of all structures upon the land taken, the rental values of the same, the kind of businesses adaptable to the premises and every feature, both usual and unusual, in connection with the property and to have the jury instructed that it could take all these elements into consideration in fixing the value of the premises as a whole, and that it was justified in assessing compensation in accord with the most valuable uses to which the property could reasonably and practically be put. However, the jury should not have been told that it could return a verdict in excess of the value of the tract as a whole. In so instructing the jury the trial court committed prejudicial error.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

Judgment reversed.

Weygandt, C. J., Zimmerman, Middleton, Taet and Matthias, JJ., concur.
Hart, J., concurs in paragraphs one, two and three of the syllabus, but dissents from paragraph four of the syllabus and from the judgment.