Per Curiam.

Although the judgment entry of the Court of Appeals states no specific grounds for the reversal, a reading of the opinion discloses the reasons therefor. And, of *430 course, if any one of the grounds for reversal is valid, the judgment of the Court of Appeals must he affirmed.
Under the holdings of this court in at least two cases, the trial court should have allowed the city of Cleveland, if it could, to show as a defense (1) that the lease held by plaintiff on the filled in and artificially formed land north of the 1914 shore line of Lake Erie is subservient and must yield to the superior and paramount title of the state of Ohio, as trustee for the people for public uses, and (2) that the construction of the roadway was in aid of navigation. See State v. Cleveland & Pittsburgh Rd. Co., 94 Ohio St., 61, 113 N. E., 677, L. R. A. 1917A, 1007; and State, ex rel. Squire, Supt. of Banks, v. City of Cleveland, 150 Ohio St., 303, 82 N. E. (2d), 709.
The Court of Appeals found that the trial court committed reversible error in admitting evidence of the actual replacement cost of certain items of property belonging to plaintiff, which items had been destroyed or damaged in the construction of the roadway, when evidence along this line should have been limited to the true value of such items at the time they were destroyed or damaged.
The admission of evidence as to loss of profits by plaintiff as well as evidence relating to damages sustained by reason of the inconvenience of travel encountered subsequent to the completion of the roadway was also held erroneous.
In the first instance, loss of profits is too speculative and uncertain for accurate and satisfactory measurement (In re Appropriation by Supt. of Public Works, 155 Ohio St., 454, 459, 99 N. E. [2d], 313, 317, 18 American Jurisprudence, 899, Section 259), and, in the second instance, inconvenience of travel occasioned by being required to follow a more circuitous route due to a completed highway improvement is not a proper subject for a damage award (State, ex rel. Merritt, v. Linzell, Dir., 163 Ohio St., 97, 126 N. E. [2d], 53).
Likewise, special charges, covering the measure of damages to which plaintiff might be entitled and based on evidence improperly admitted, given to the jury at plaintiff’s request were held prejudicial.
The Court of Appeals held also that the trial court erred in refusing to submit certain special charges requested by the city and embodying correct and applicable statements of law.
*431 Finally, the Court of Appeals found that the damages awarded were excessive, which award was clearly attributable to erroneously admitted evidence and to incorrect instructions.
We have examined the entire record and are convinced that errors prejudicial to the city occurred in the trial of this cause, and that the Court of Appeals properly entered a judgment of reversal and remand.
Wherefore, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.