Taft, J.
The only question raised on this appeal is whether the trial court erred in excluding evidence as to the separate value of the leasehold interest of Wimmer which, except for the appropriation, would have continued for about four more years, i e., from the time of the appropriation in March 1955 until September 1959. The excluded evidence was by one witness that “the fair market value of the leasehold of * * * Wimmer” was “approximately $18,200” and by another witness that “the fair and reasonable market value of” that leasehold interest was “$19,050.”
In arguing for an affirmance, appellee relies upon paragraph two of the syllabus of In re Appropriation by Ohio Turnpike Commission, 164 Ohio St., 377, 131 N. E. (2d), 397. However, that paragraph, although recognizing the discretion of a trial court in the admission and exclusion of evidence in an appropriation proceeding, would not apply in the instant case unless, to use its words, “it is apparent * * * that no prejudicial error * * * intervened.” The question remains therefore whether it was prejudicial error for the trial court to exclude such evidence.
Unquestionably, a leasehold interest in real estate may have a substantial value, notwithstanding that it involves a liability to pay rent. Thus, if the reasonable rental value of the real estate is $1,200 per year, a leasehold interest in that real estate for one year at an annual rental of $1,000 per year would give the lessee a right to use something reasonably worth $1,200 by merely paying a rental of $1,000. That right would therefore *251 have a value of approximately $200. Also, it is apparent that, in determining the value of the landlord’s reversion, the value of the leasehold interest must be deducted from the value of the real estate. However, the ultimate question to be determined by the jury in the instant case was not the value of the leasehold interest of Wimmer or the value of the reversion of the realty company but the value of what was being appropriated, i. e., the real estate as a whole.* In re Appropriation by Supt. of Public Works, 155 Ohio St., 454, 99 N. E. (2d), 313; 152 Ohio St., 65, 87 N. E. (2d), 257. Compare annotation, 7 A. L. R. (2d), 1297, relating to appropriations of only temporary use and occupancy of property; annotation, 3 A. L. E. (2d), 286, relating to appropriations of only leasehold interests in property; and State v. Platte Valley Public Power & Irrigation District, 147 Neb., 289, 23 N. W. (2d), 300, 166 A. L. R., 1196, where applicable statutes contemplated separate assessment of ownership interests in property appropriated. If the value of that real estate could be readily determined without considering the value of Wimmer’s leasehold interest or the value of the realty company’s reversion, it is apparent that consideration of those collateral values in the instant proceeding would only have complicated unnecessarily the problem of the jury in making the only determination that it was required to make.
As suggested in City of St. Louis v. Rossi, 333 Mo., 1092, 64 S. W. (2d), 600, if testimony is permitted in a proceeding of this kind as to the value of a leasehold interest, we will have not only real estate experts but also jurors passing upon all kinds of intricate questions of law in one of the most technical branches of the law (i e., real property), and all kinds of snarls and tangles will result when they are called upon to determine questions as to the meaning of leases and the rights of lessees thereunder.
The value of a leasehold interest will always be necessarily *252 dependent upon at least two factors, i. e., (1) the rental to be paid for the real estate leased and (2) the reasonable value of the use of that real estate for the period of the lease. Such a leasehold interest will have a value only where the amount of the second of those factors exceeds the amount for the period of the lease of the first of those factors. Such an instance will usually occur only for one or more of the following causes: (1) the lease involved was made for a lower rent than a reasonable rental for the real estate involved, (2) the reasonable rental value of comparable real estate has increased since the lease involved was made and (3) improvements upon the leased premises have increased their reasonable rental value.
In any event, in order to determine the value of such a leasehold interest, it is essential to determine the reasonable rental value of the leased real estate. As held in In re Appropriation by Supt. of Public Works, supra (155 Ohio St., 454), (but see 1 Orgel, Valuation under Eminent Domain, 704, Section 179, for suggested limitations on such a holding in some instances), evidence as to such reasonable rental value may be admissible as evidence tending to prove the reasonable value of the real estate as a whole. Such evidence may then be used by experts as a factor in determining their opinion as to the reasonable value of the real estate as a whole. 1 Orgel, supra, 699, Section 176. Knowing the reasonable rental value of a parcel of real estate as a whole, an expert witness should be able to give an opinion as to the value of such parcel of real estate as a whole even more readily than he could give an opinion as to the value of any outstanding leasehold interest in such parcel of real estate. With respect to the latter opinion, he would have to consider not merely a capitalization of the reasonable rental value of the property involved but also such rental value, the agreed rental called for by the lease, the legal interests created thereby, and a capitalization of an amount equal to the value of what legal interests the lessee got under the lease for the remaining term thereof less the amount of what he was required to pay therefor. It is obvious that, in determining the value of a leasehold interest in real estate, an expert witness would be involved in far more serious complications than he, with the same information, would encounter in determining the value of such real estate as a whole. After he *253 gave such an opinion as to the value of the leasehold, such expert witness would be no nearer to helping the jury determine the ultimate question before it for determination (i. e., the value of the real estate as a whole) than he was when he started. In short he could always more readily give an intelligent opinion on the value of the real estate as a whole than on the preliminary question as to the value of a mere leasehold interest in that real estate.
A determination of the value of an outstanding leasehold interest in real estate would hardly be of any value even as a step in determining the ultimate question as to the value of the real estate as a whole without a further determination of the value of the reversionary interest after the leasehold interest. The futility of such determinations is apparent when it is recognized that this court has held that the compensation payable cannot exceed the value of the real estate as a whole even though the value of the leasehold interest, plus the value of the rever-sionary interest after the leasehold interest, should exceed the value of the real estate as a whole. In re Appropriation by Supt. of Public Works, supra (155 Ohio St., 454).
The problems of a jury in determining the compensation to be paid for appropriated real estate are sufficiently complex so that a trial court should endeavor to eliminate from the consideration of such jury evidence of a kind which is not reasonably necessary to prove the ultimate question before the jury for consideration.
Apparently the only reasonable purpose of offering any evidence as to the reasonable value of an outstanding leasehold interest in real estate being appropriated pursuant to the power of eminent domain would be a purpose to circumvent the rule of law adopted by this court in In re Appropriation by Supt. of Public Works, supra (155 Ohio St., 454), that the compensation to be paid for such real estate cannot exceed the value of the real estate as a whole.
Our conclusion is that, in a proceeding to have a jury determine the amount to be paid as the value of real estate being appropriated for state highway purposes pursuant to the power of eminent domain, any evidence as to the value of an outstanding leasehold interest in such real estate is incompetent.
It is contended that this conclusion is not consistent with *254 what was said in the opinion in In re Appropriation by Supt. of Public Works, supra (155 Ohio St., 454), at 459 and 460. A reading of that portion of that opinion will disclose that the evidence there approved was evidence as to the valne of structures, buildings and improvements on the property appropriated and not the value of leasehold interests therein.

Judgment affirmed.

"Weygandt, C. J., Zimmerman, Stewart, Bell, Matthias and Herbert, JJ., concur.

 Obviously, that will not be the ultimate question to be determined by the court in the order of distribution which the court in its judgment in the instant case expressly recognizes that it must make with respect to the $47,000; and, in making such order, the court will necessarily have to consider not only the value of the Wimmer leasehold interest but also the value of the realty company’s reversion.