Weygandt, C. J.
At the threshold of this discussion it probably should be simplified and narrowed by the observation that no question of damage to residue is involved since the appropriation includes the entire lot of land together with the building thereon.
The first question here presented is procedural.
The trial court permitted separate counsel for the defendant owner-lessor and counsel for the defendant lessee separately to examine prospective jurors on voir dire, to cross-examine *465 witnesses concerning the respective interests and to present separate closing arguments to the jury on behalf of such interests.
Was this error?
Section 5519.02, Revised Code, reads in part as follows:
“The appellants shall be considered as one party and the director as one party, and each party shall have the number of peremptory challenges allowed in civil actions in the Court' of Common Pleas. * * * The appellants shall open and close in giving testimony and in arguments.
“* * * After the jury has returned to the court the parties shall offer their evidence to the jury under the direction of the court in accordance with the rules of law and procedure governing cases in the Court of Common Pleas.” (Italics supplied.)
The owner-lessor and the lessee contend that this statut-p does not preclude a trial court from allowing a separate presentation by each individual with respect to'his separate interest in the appropriated property. However, this court finds itself unable to so construe the unambiguous mandatory provision that “the appellants shall be considered as one party * * * and each party shall have the number of peremptory challenges allowed in civil actions. ’ ’ (Italics supplied.) Furthermore, in the first paragraph of the syllabus in the case of In re Appropriation by Supt. of Public Works, 155 Ohio St., 454, 99 N. E. (2d), 313, this court held unanimously:
“A land appropriation proceeding is essentially one in rem; it is not the taking of rights of persons in the ordinary sense but an appropriation of physical property. In the event there are several interests or estates in the parcel of real estate appropriated, the proper method of fixing the value of each interest or estate is to determine the value of the property as a whole, with a later apportionment of the amount awarded among the several owners according to their respective interests, rather than to take each interest or estate as a unit and fix the value thereof separately. The separate interests or estates as between the condemner and the owners are regarded as one estate. (In re Appropriation by Supt. of Public Works, 152 Ohio St., 65,. approved and followed.)”
The owner-lessor and the lessee contend, as they do with *466 reference to the statute, that this decision is simply to the effect that the appropriation of a parcel of property must be conducted as one trial but that separate interests may be presented separately rather than jointly. Again, as with the statutory provision, this court finds itself unable to so view the matter in the light of the requirement that the owners of the various interests in the property “shall be considered as one party.”
Hence, the trial court was in error in this respect.
The next question relates to the date of the taking of the property. The jury viewed the premises on June 12,1956, when the trial was in progress, and the appellant director contends that this must be considered as the date of the taking. However, the trial court ruled that the correct date was May 1, 1956, approximately a month and a half previous. The reason for fixing the earlier date was the fact that it was on that day that the highway department took possession of the property, graded the rear of the lot, and dug a basin into which water collected and then drained into the building thus interfering with its further use. Thereupon the lessee began to dismantle the building and remove the equipment. Hence, the jury had no opportunity to view the premises in their normal state.
The rule is summarized as follows in 29 Corpus Juris Secundum, 1071, Section 185, as follows:
“In some jurisdictions and under some circumstances, the damages are assessed as of the date of the entry on or the actual taking of possession of the property, as where possession is taken in advance of condemnation proceedings or of a trial or award, in accordance with statute or by consent of the owner.” In 18 American Jurisprudence, 903, Section 263, it is said: “It is a general and well-established rule that damages are to be assessed and compensation determined as of the time of the taking; the difficulty ordinarily is in determining when the taking occurs.”
And in 19 Ohio'Jurisprudence (2d), 535, Section 118, appears the following pertinent comment:
“In the case of appropriation proceedings, the view generally adopted is that where the appropriator has not taken *467 possession of the property prior thereto the property is to be valued at the time of trial * *
In the instant case it is not disputed that the highway department through its contractor entered the premises and began operations on the earlier date. Hence, there is no difficulty in determining the date the taking occurred, and the trial court was not in error in admitting evidence as to the value of the property on that day.
The appellant director relies on the decision of this court in the case of Nichols v. City of Cleveland, 104 Ohio St., 19, 135 N. E., 291. A study of the opinion discloses a vastly different and unusual situation involving two different appropriation proceedings 25 years apart, the first having been instituted under legislation subsequently held unconstitutional.
The next and most grievous complaint of the appellant director is that the trial court erred “in admitting evidence of removing, moving, reinstalling personal property and expense of establishing new quarters. ’ ’
On the appropriated land was a one-story brick building 50 feet long and 48 feet wide. It was occupied by the lessee in conducting an ice cream manufacturing business. The building was equipped with heavy machinery placed on especially substantial foundations which could not be removed and used elsewhere. The equipment also included a specially constructed cooling or hardening room necessary for the operation of an ice cream manufacturing plant. The premises had been so occupied for a number of years under a lease which still had six years to run, together with an option for an additional term of five years.
Under these circumstances, was it proper for the trial court to admit the evidence of which the appellant director complains ? And was it proper for the jury to determine the lessee’s compensation for the leasehold interest as a separate item in the total compensation for the land and building taken?
This court has answered both questions in the negative. In the syllabus in the case of In re Appropriation for Highway Purposes, 166 Ohio St., 249, 142 N. E. (2d), 219, it was held:
“1. In a proceeding to have a jury determine the amount to be paid as the value of real estate being appropriated for *468 state highway purposes pursuant to the power of eminent domain, any evidence as to the value of an outstanding leasehold interest in such real estate is incompetent. ’ ’
In the opinion in that case, there are five references to the earlier case of In re Appropriation by Supt. of Public Works, supra (155 Ohio St., 454), in which appear the following pronouncements in the syllabus:
“2. In a land appropriation proceeding, where there are several different interests or estates in the property, it is proper on direct examination to admit testimony as to the value of the individual structures, buildings and improvements on the property as well as the rental value thereof, the businesses conducted thereon and all special features relative to the property which may either enhance or lessen its value.
“3. The rule of valuation in a land appropriation proceeding is not what the property is worth for any particular use but what it is worth generally for any and all uses for which it might be suitable, including the most valuable uses to which it can reasonably and practically be adapted.
“4. Ordinarily, in fixing compensation for property taken by appropriation proceedings, the total award should not be less than the fair market value of the property to be appropriated but it cannot exceed the fair market value of the property as a whole even though there are various interests or estates in the property.”
And in the opinion in the recent cases of Lucas v. Carney et al., Board of County Commissioners, ante, 416, it was said:
“It must be rememberéd that the present actions are not based upon either negligence or upon the maxim, sic utere tuo ut alienum non laedas, which, translated, means, so use your own that you do not injure that of another. They are based solely upon the doctrine of appropriation by encroachment.
“The cases are legion to the effect that a taking under the power of eminent domain does not include the personal property lying on the premises taken but not affixed thereto, and that damages for injury to such personal property or the expense of removing it from the premises taken is not a proper element of compensation. The reason for this rule is that in an appropriation proceeding the specific property taken is desig *469 nated and all other property is excluded, so that one may have compensation only for the property taken and for any damage to residue.
“In the present cases, however, according to the language of the amended petitions, the encroachment by reason of the improvements upon the county’s property deprives the owners of the adjoining property of the use of their property, and to that extent that property is taken pro tanto, not only as to the realty but as to the personal property rightfully thereon.”
The lessor and lessee in the instant case concede the holding of this court in In re Appropriation for Highway Purposes, supra (166 Ohio St., 249), but seek to minimize its importance by reason of the fact that the owner of the leasehold interest did not appeal. However, this court is still of the opinion that the rule there stated represents the prevailing view, and that the trial court was in error in admitting the questioned evidence and in permitting the jury to determine the lessee’s compensation for the leasehold interest as a separate item in the total compensation for the land and building taken.
Hence, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for a retrial.

Judgment reversed.

Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.