GUSTIN ET, APPROPRIATION OF, IN RE.

Common Pleas Court, Scioto County.

No. 47375.   Decided February 19, 1963.

*Mr. William Saxbe,* attorney general, and *Mr. J. Earl Pratt,* for landowner-appellants.

*Mr. William L. Howland,* for Darnells.

THOMPSON, J. The question that is now before the court is, primarily, one of procedure. It arose in a rather unique manner and has caused the court considerable difficulty.

A statement of the facts is required in order to understand the question to be resolved.

On November 29, 1961, the Director of Highways filed his Resolution and Finding in this case, naming Arthur Gustin, Helen Gustin, The Federal Land Bank of Louisville, Kentucky, and the Treasurer of Scioto County, Ohio, as the parties having an interest as owners. Arthur and Helen Gustin were served with a copy of the Resolution and Finding and a summons dated December 11, 1961. On December 22, 1961, Gustins filed their petition on appeal. The Federal Land Bank of Louisville, Kentucky and the Treasurer of Scioto County also filed answers and cross petitions.

On April 23, 1962, an amended Resolution and Finding was filed and the same four parties named as the owners.

On October 24, 1962, the Director filed a motion for leave to file an amended Resolution and Finding for the reason that Samuel T. Darnell and Bernice B. Darnell claim some interest in the property appropriated and that their presence as parties was necessary to a complete determination and settlement of the question involved. On the same date, the court ordered that the Darnells be made parties to the proceeding and that summons be issued for them. Summons for the Darnells were issued on October 24, 1962 and they were given the statutory thirty (30) days in which to file an appeal.

The case was tried to a jury on November 14th and 15th, 1962. At that time for some unexplained reason, the clerk of courts had not placed the Director's motion of October 24th, the Journal Entry making the Darnells parties, nor the summons issued for Darnells in the file jacket. The court, therefore, had no knowledge at that time that Darnells were parties and neither attorney for the Director nor attorney for Gustins advised the court of that fact. During the trial of the case, and after the court had submitted the case to the jury, Darnells' counsel discovered the trial was in progress and immediately advised the trial court of the situation. The jury returned a verdict in the total amount of $11,170.00 as compensation for land taken and damages to the residue.

On November 16, 1962, Darnells filed their petition on appeal and their appeal bond on November 19, 1962.

On November 23, 1962, a Journal Entry on the Verdict was signed and filed without the approval of Darnells' counsel, which ordered the property appropriated vested in the State of Ohio clear and free of all claims of the owners of said lands naming specifically the four original parties and, also, naming specifically Samuel T. Darnell and Bernice B. Darnell.

Next came the filing of the motions which are now being considered by this court. On November 28th, the Darnells filed a motion objecting to the journal entry of November 23rd and asking that it be vacated and set aside. Stating in their memorandum in support of their motion that they are the owners of a perpetual easement across the lands of Gustin; the appropriation takes this easement and access therefrom to Darnells other land; that they are necessary parties and have not had their

day in court. Further, that the Journal Entry of November 23rd was not presented to counsel for Darnells before submission to the court contrary to the rules of Practice of this court, and that the proceedings are for the reasons stated null and void and contrary to law.

Then on December 3rd, the Director filed a motion to strike from the files the Petition in Appeal filed by Darnells for the reason that the same was not filed according to law. In support of his motion, the Director relies on *In re Appropriation etc. Preston, v. Miller; Zimmerman, Appellant,* 115 Ohio App., 48, Ohio BAR, No. 30, July 23, 1962.

On January 2nd, the Gustins filed a motion, joining in the Director's motion, to strike from the files the Petition in Appeal filed by Darnells, citing as additional authority, *Orgel on Valuation under Eminent Domain,* Vol. 1, page 461, Sec. 109 et seq.

Since there is no evidence before the court at this time bearing upon the relationship between the Gustins and Darnells land, we shall assume the facts to be as related by counsel for Gustins as follows: Many years ago, both the Gustin and Darnell lands were owned by the same person. The entire tract was divided into five (5) lots. The land now owned by Darnells is part of Lots Numbers 1 and 2. Gustins now own Lots Numbers 3, 4 and 5. Early deeds for Lots Numbers 3, 4 and 5 contained reservations in words similar to the following:

"Passageway reserved for benefit of Lots Numbers 1 and 2 for all legitimate purposes."

It appears that at that time the main outlet to Lots Numbers 1 and 2 was over this passageway reserved over Lots Numbers 3, 4 and 5. Later U. S. Route 52 was constructed and the easement no longer became necessary as the owners then had an outlet to the new highway.

It is this claimed easement for a passageway across the Gustin land that is involved in this case. There is no dispute that if the Darnells have an easement over the Gustin land as claimed by them, then the appropriation of the right of way for a limited access highway severs the passageway and destroys it.

Other facts, which from the statement of counsel for Gustins

exist, are that the Gustins and Darnells are not on friendly terms and that the Gustins claim that Darnells have no easement over their land and that it has been abandoned for many years. These facts make it impossible for Gustins and Darnells to settle among themselves what interest, if any, the Darnells have in the award made by the jury for the Gustin land and would have made it impossible for them to have agreed on the course to follow in the trial of the case if Darnells participated therein.

The validity of Darnells' claim to an easement over the Gustin land not having been judicially determined, we shall have to assume for the purpose of answering the question now before us, that they do have such an easement and that it has been severed and destroyed by the new highway. What then are their rights and how are they to be protected? How do they get their day in court and when they have their day, how is the amount of their damages determined and who pays them? These are the questions that must be answered in ruling upon the motions now before us.

We have considered very carefully the decisions of the Ohio Supreme Court in the case of *In re Appropriation for Highway Purposes: Thormyer* v. *Joseph Evans Ice Cream Co.,* 167 Ohio St., 463; 5 Ohio Opinions (2d), 149 and the case of *Sowers* v. *Schaeffer,* 155 Ohio St., 454, 44 Ohio Opinions, 419, also, *Preston* v. *Miller,* 115 Ohio App., 48. It is the rule of law as stated in these cases when applied to the facts of this case that has caused the court much trouble in arriving at a solution to the problems presented.

That the taking of private property for a public use requires compensation to the owner, by the provisions of both the State and Federal Constitutions, is so fundamental that the provisions need not be restated here. Neither the constitution nor the statutes of Ohio have defined the meaning of "property." There can be little doubt that an easement such as that claimed by Darnells is "property" under the law of eminent domain. See *Gallen* v. *Electric Light Co.,* 66 Ohio St., 166; 19 Ohio Jurisprudence (2d), Eminent Domain, P. 76 and 82; 29 C. J. S., Page 58 and 69. *Pipe Line Co.* v. *State Highway Commission,* 294 U. S., 613.

If an easement is property subject to eminent domain, how is the value thereof determined in an appropriation proceeding?

The rule is stated in 29 C. J. S., Page 987, paragraph 143, as follows:

"For the purpose of valuation, an easement is to be considered as appurtenant to the dominant tenant to be valued with reference thereto, and not as a separate entity. The measure of damages in such case is the depreciation in fair market value of the dominant estate by reason of the taking of the easement, the difference in value before and after the taking."

and in 18 American Jurisprudence, Page 888, paragraph 250, as follows:

"For the purpose of valuation an easement is to be considered as appurtenant to the dominant tenement. Together they constitute a single entity. When an easement appurtenant to land is taken, the measure of damages is the depreciation in the market value of the dominant tenement. This is shown by the difference in the fair market value of the property before and after the taking."

The same rule is stated in substantially the same language in *United States* v. *Welch*, 217 U. S., 333; 54 L. Ed., 787, and in *West Tenth Street, Borough of Brooklyn* v. *West Tenth Street Realty Co.*, 267 N. Y., 212, 196 N. E., 30.

If we are to apply this rule to the easement claimed by Darnells, we then have the problem of affording Darnells due process of law if we also follow the rule of our Supreme Court of Ohio in *Thormyer* v. *Joseph Evans Ice Cream Co., supra,* and *Sowers* v. *Schaeffer, supra.*

We can plainly see that from a procedural standpoint, it would be utterly impossible to try the rights of Gustins and the rights of Darnells in the same trial and afford each of them due process of law. As stated previously, it seems that Gustins deny that Darnells have such an easement as claimed by Darnells and in addition thereto, that the Gustins and Darnells are not on friendly terms. How then could their respective rights be represented by one attorney under the rule of *Thormyer* v. *Evans Ice Cream Co., supra?*

Since the value of Darnells' easement must be considered as appurtenant to the dominant estate, the evidence to prove its

value would have no bearing at all upon the value of the Gustins' tract, therefore, evidence of the value of the Darnells' property would not be admissible in the trial of Gustins' property. The converse is also true, that value of the Gustins' tract would not be admissible in the trial of the value of Darnells' easement when considered in connection with the dominant estate.

Evidence of the existence of the easement might have been admissible in the trial of the Gustins' property, not to determine its value to Darnells, but to show its effect, if any, on the value of the Gustins land if it was subject to the easement.

Another objection to the one party rule when applied to the owner of the servient estate and the owner of the easement, is that if both interests are to be compensated from one award based upon the value of the property as a whole, with a later apportionment of the amount awarded among the several owners, according to their respective interests, we would have the owner of the fee of the servient estate paying for the value of the easement after the determination of the value of the easement to the dominant estate, rather than requiring the condemnor to pay for the taking of the easement.

All of this leads us to but one conclusion and that is that the one party rule as established in *Sowers* v. *Schaeffer* and *Thormyer* v. *Evans Ice Cream Co.*, must be restricted to the facts of those cases and can not be applied to this case nor to any other case involving the taking of an easement which is a servitude on the property appropriated.

Judge Taft in his concurring opinion in *Thormyer* v. *Evans Ice Cream Co.* recognized the problem with which we are faced in this case with parties who are unfriendly toward each other.

Judge Stewart in *Sowers* v. *Schaeffer* also recognized that under certain circumstances there would be exceptions to the general rule that all parties having an interest in the land should be paid from one award. (See pages 462 to 464 of opinion.)

Even though the Ohio Supreme Court has declared that an appropriation proceeding is essentially one in rem, we must of necessity recognize that it is more than that. In the case of *United States* v. *Gossler*, 60 F. Supp., 971, the court stated the law as follows:

"When the United States acquires property by condemnation and an unlimited use is contemplated, all interests in the parcel are abrogated except those specifically excepted, as was done for public roads in this complaint. The fallacy of the reasoning which lies at the basis of these motions arises from the concept of the title of real property as a thing with physical attributes, whereas title is a conglomerate of jurisdiction and substantive legal rights fused with the residuals of equitable remedies all developed historically out of feudal notions and medieval conditions. By this proceeding the United States does not acquire a physical thing by taking the fee simple title of the Gosslers, but sets up another title by extinguishment of all interest inconsistent with use by the Government. Since the United States is investing itself with an utterly new title and extinguishing the whole aggregate of rights connected with this piece of ground by condemnation, the Fifth Amendment requires compensation for all property rights so erased.

"The United States cannot abrogate all, but pay for the particular right known as the fee simple title alone. The owner of another recognized property interest attached to the soil would then receive no compensation just or otherwise. Indeed in practice, the value of the fee simple title might well be materially reduced by the existence of this right of way. If payment were made for a specific interest such as the fee title, out of the aggregate, the Government would abrogate the other interests without paying monetary consideration therefor. Such a result does not satisfy the demands of the amendment. The United States is liable to the owner of an easement appurtenant in a suit condemning the fee of the servient estate."

We must conclude, from the foregoing that the rights of the Gustins and the Darnells can not be determined in one trial. That the circumstances of this case constitute an exception to the general rule and that the State of Ohio in appropriating the servient estate owned by Gustins has not compensated for the damages to Darnells' easement and that Darnells are entitled to a separate appeal.

In support of the conclusion that we have reached in this case see *Herr* v. *Board of Education of Newark Court of Error and Appeals of New Jersey*, 83 Atl., 173.

412

The specific finding of the court in this is that the motion filed by the Director, and joined in by Gustins, to dismiss the appeal of Darnells is overruled. The journal entry of November 23, 1962, on the verdict is set aside in so far as the interest of Darnells in the appropriated property is concerned, and it is ordered that a new entry be prepared eliminating the order vesting the interests of Darnells in the Director.

Journal Entries may be prepared in accordance with these findings saving exceptions.