In re Appropriation for Hwy. Purposes of Lands of White et al.
In re Appropriation for Hwy. Purposes of Lands of Facemeyer et al.

(Nos. 232 and 233—Decided November 9, 1970.)

*Mr. Paul W. Brown,* attorney general, and *Mr. Harry N. Kandell,* for appellant.

*Mr. Frank W. Porter* and *Mr. Arlo L. Chatfield,* for appellees.

STEPHENSON, J. These appeals are before this court on questions of law. Each appeal presents identical questions, except for a motion to dismiss in No. 232, and the opinion here rendered is dispositive of both appeals,

The Director of Highways of the state of Ohio instituted separate proceedings under R. C. 5519.01 in the Common Pleas Court of Meigs County by the filing of resolutions and findings to appropriate highway easements in the above captioned cases. In addition to the fee owners, the Whites and Facemeyers, the Ohio Power Company was in each case made a party by the director. The owners and the Ohio Power Company perfected appeals for a jury determination of the value of the appropriated property. The interest of the power company is not set forth in the resolution.

The fee owners filed motions requesting that they be granted separate trials from that of the Ohio Power Company. The motions were granted, and it is from that order that appeals have been prosecuted by the director to this court. The director will hereinafter be referred to as appellant and the fee owners as appellees.

The sole error assigned in each case is identical, other than to the designation of the owners. The assignment in No. 232 provides:

"The Common Pleas Court erred in ordering hearings separate and apart on behalf of property owners, Forrest M. and Northa White, and the Ohio Power Company, in this case."

In examining the records, it appears that no evidence was presented in support of the motions. From a review of the journal entry and opinion, it appears that the ruling was entered on statements of counsel not now before us. The trial court's opinion considers the interest of Ohio Power Company in the ownership of sub-surface coal in a tract considerably larger than that of the appellees and, also, considers certain terms of the instrument whereby the appellees conveyed to Ohio Power Company. The exact interest of Ohio Power Company in the underlying road, whether fee or easement, is not disclosed.

The sufficiency of the record, however, is not material to the resolution of this appeal since, by our view, the correctness of the ruling below is a question of law.

In *Board of County Commrs. v. Thormyer*, 169 Ohio

St. 291, Judge Taft, later Chief Justice, summarized the following principles of Ohio law applicable here:

"This court has held that (a) in determining the value of land in an appropriation proceeding, the question to be determined is the worth of the property for any and all uses for which it may be suitable, including the most valuable uses to which the land can lawfully, reasonably and practically be adapted (*Sowers v. Schaeffer, supra* [155 Ohio St., 454], paragraph three of the syllabus; *Goodin v. Cincinnati and Whitewater Canal Co.*, 18 Ohio St. 169, 98 Am. Dec., 95; *Cincinnati and Springfield Ry. Co. v. Exrs. of Longworth*, 30 Ohio St., 108), (b) since a land appropriation proceeding is essentially an appropriation of physical property and not merely the rights of persons, the value of the property as a whole is to be determined first without regard to what may be the interests of ownership therein, and (c) although, after a determination of that amount, it must be apportioned among those having interests of ownership in the appropriated property, the determination of the extent of those interests of ownership is a matter of no concern to the appropriator of the property or to the jury called upon to determine the amount of the award (*Sowers v. Schaeffer, supra* [155 Ohio St., 454, 152 Id., 65]; *Queen City Realty Co. v. Linzell, supra* [166 Ohio St., 249]; and *Thormyer v. Joseph Evans Ice Cream Co., supra* [167 Ohio St., 463])."

Consistent with the above principles, the Ohio Supreme Court in *Sowers v. Schaeffer*, 155 Ohio St. 454, cited in the above quotation, states in the fourth paragraph of the syllabus a rule to be applied in fixing compensation for appropriated property which contains various interests. It reads as follows:

"Ordinarily, in fixing compensation for property taken by appropriation proceedings, the total award should not be less than the fair market value of the property to be appropriated, but it cannot exceed the fair market value of the property as a whole even though there are various interests or estates in the property."

In view of the adoption of the "one award" approach

to separate interests in a parcel of appropriated property, it logically follows that an owner of minerals could be joined with the surface owner in an appropriation action for a highway easement, and the Ohio Supreme Court so held in *Ohio Sand and Gravel Co.* v. *Masheter,* 176 Ohio St. 327.

Appellees appear to agree that joinder could be proper inasmuch as the syllabus uses the word "may" but argue that the issue here is not joinder but separate trials. A reading of the *Ohio Sand* opinion, where Chief Justice Taft stated, at page 329, "it is necessary to join in an appropriation proceeding all those persons having of record or known to have an interest in the property appropriated," and his citation in that case of *Hughes* v. *Cincinnati,* 175 Ohio St. 381, indicates to us that all persons having an interest are *necessary* parties in the sense that if they are not made parties their rights are not affected by the appropriation. As a practical matter, if a person with an interest is not made a party, the persons who are parties will receive the whole of the compensation, and the appropriating authority will later be required to pay additional sums to the omitted party.

The difficulty we apprehend in the approach urged by appellees, and adopted by the trial court, is its contradiction of the basic principle of one award set forth above. The value determined by the jury, despite the value of interests of individual owners may not exceed the fair market value as a whole. This limitation would be meaningless if separate jury trials were held to determine values of each interest. The "one award" approach, both practically and legally requires one trial with a later division of that award.

Appellees urge, however, that the fact that the Ohio Power Company owns rights to coal under adjacent property as well as that appropriated requires an exception to the "one trial" rule. While we question whether the record sufficiently brings that fact before us, even if we assume that it does, we do not agree with appellee's conclusion. The amount of compensation for property taken and dam-

ages to residue together with the related questions of quantum of property taken and what constitutes damaged residue are questions of fact and not of law and are to be determined by the jury under proper evidence. See 19 Ohio Jurisprudence 2d 498, 499, Eminent Domain, Sections 91 and 92. We cannot grasp upon what theory the fact of ownership of adjacent coal rights requires an abandonment of the concept of one trial.

It is suggested that difficulties of presentation of evidence requires that result. The appellees herein, prior to the conveyance of coal rights, are presumed to have known that "an owner of property holds title to the property subject to a perpetual optional right of his government to acquire the property for public use on the payment of full compensation in money therefor." *Rothwell* v. *Linzell,* 163 Ohio St. 517. Chief Justice Taft in *Ohio Sand and Gravel Co.* v. *Masheter, supra,* stated that the matter of the conduct of the trial can be resolved by agreement of the parties at the time of conveyance. It is suggested therein that the fee owners are the ones in charge of the trial. In the *Ohio Sand* decision, unlike here, the holder of the mineral interests and not the fee owners complained of a joint trial. This fact, however, does not make the reasoning therein less persuasive here.

Appellees have, in both cases, at the time of oral argument, moved to dismiss the appeals herein for lack of jurisdiction of this court upon the assertion that the orders appealed from are not "final orders." R. C. 2505.02 defines a final order and provides in part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order * * *."

We hold that the right of appellant to a determination of the fair market value of the appropriated property as a whole is a "substantial right" and that the order of separate trials for owners of different interests in the appropriated property determines the action and prevents the judgment appellant seeks of one award, the distribution of which he has no interest, hence, the orders for separate

trials are final orders, and the motions to dismiss must be overruled.

In the *White case*, a written motion to dismiss the appeal has been filed by appellees, in which they state an agreement as to compensation was made by the parties hereto and this appeal is moot. No such agreement is reflected in the record. At oral argument of this cause, counsel for the appellant agreed to stipulate that dollar amounts were agreed upon by the parties. It was not stipulated that the state would pay such dollar amounts. The reason advanced for refusal to pay was the difficulties encountered in obtaining reimbursement of the state from federal funds. Under such circumstances the case is not moot and for that reason the motion to dismiss must be overruled.

Error having intervened below to the prejudice of appellant, the judgment is reversed and remanded to the Court of Common Pleas for further proceedings

*Judgment reversed.*

GRAY, P. J., and ABELE, J., concur.