[Cite as *Wray, Dir. Ohio Dept. of Transp. v. Hiironen*, 2019-Ohio-4669.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JERRY WRAY, DIRECTOR  :
OHIO DEPARTMENT OF
TRANSPORTATION,  :

      Plaintiff-Appellee,  :

                         No. 107558

v.  :

BRANDON HIIRONEN, ET AL.,  :

      Defendants-Appellants.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 14, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2016 ADV 214997

---

### *Appearances:*

Dave Yost, Ohio Attorney General, and L. Martin Cordero,
Eric M. Hopkins, James C. Cochran, and Kevin R. Walsh,
Assistant Attorneys General, *for appellee.*

The Lindner Law Firm, L.L.C., and Daniel F. Lindner, *for
appellants.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Brandon Hiironen ("Hiironen") appeals from a jury verdict and rulings on several motions in limine in an appropriation action. For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶ 2} The underlying appropriation action stems from plaintiff-appellee Jerry Wray's ("Wray"), in his capacity as director of the Ohio Department of Transportation ("ODOT"), appropriation of Hiironen's property as part of the Opportunity Corridor highway project in Cleveland, Ohio.

{¶ 3} In 2010, Hiironen paid $40,000 for a three-story, approximately 45,000 square-foot building on a half-acre of industrial property located at 2742 Grand Avenue in Cleveland, Ohio ("the property"). The building was constructed in 1895, partially renovated in 1960, and used as a laboratory in the late 1970s.

{¶ 4} In January 2014, Hiironen learned that ODOT would be appropriating his property. Hiironen maintained possession and control of the property until June 30, 2016, when ODOT took possession.

{¶ 5} On March 25, 2016, Wray filed a petition to appropriate property and to fix compensation against Hiironen and six other named defendants (collectively, "Defendants"), pursuant to Revised Code Chapter 163. On April 8, 2016, Hiironen filed an answer.

{¶ 6} The parties exchanged discovery. On October 27, 2017, ODOT filed three motions in limine. The first motion sought to exclude the introduction of any

and all testimony and comment regarding the settlement amounts for other parcels in the highway project, and specifically, Hiironen's opinion of the property's value based on a settlement figure of a neighboring parcel. The second motion sought a court order prohibiting witness testimony from Robert Garber ("Garber") and John Wagner ("Wagner") relating to the market value for a replacement building and any search for a replacement building, arguing that such testimony would be irrelevant and fail to qualify as expert testimony. The third motion sought an order limiting witness testimony from Hiironen, Garber, Wagner, William Eberhard ("Eberhard"), and Doug Fischback ("Fischback") regarding replacement costs of the building. Hiironen opposed these motions.

{¶ 7} On April 2, 2018, ODOT filed a motion in limine seeking an order limiting testimony of Douglas Firca ("Firca") and Terrence Pool ("Pool") regarding the market for a replacement building. Hiironen opposed this motion.

{¶ 8} On April 6, 2018, the court granted all three of ODOT's October 27, 2017 motions in limine. On April 23, 2018, the court granted ODOT's April 2, 2018 motion in limine.

{¶ 9} A jury trial began on April 30, 2018. The sole issue to be determined by the jury in the appropriation action was the value of the property. On the second day of trial, Hiironen testified. During his testimony, he referred to his own drawing of a cryogenic facility. This document had not been turned over to ODOT during discovery. Hiironen then testified as to his opinion of the value of the property — $4.95 million — and stated that he based this on addition and subtraction from his

appraiser's cost approach. Hiironen went on to explain that he deliberately withheld the drawing document during discovery. In response to Hiironen's intentional withholding of evidence and inadmissible and highly prejudicial testimony, the court declared a mistrial over Hiironen's objections.

{¶ 10} Following the mistrial, on June 12, 2018, ODOT filed two additional motions in limine. The first moved the court to exclude the introduction of, and testimony regarding, Hiironen's concept of a future use of the building, as well as any related business plans and drawings. The second moved the court to exclude all testimony and comment regarding valuation by Hiironen. Hiironen opposed these motions. The court granted the first motion. The second motion was granted in part, and denied in part. The court ordered that Hiironen would be permitted to testify as to his opinion of value. The court also ordered that Hiironen would be prohibited from testifying about future use of the property as a cryogenic facility, pursuant to the court's July 18, 2018 ruling on an earlier motion in limine.

{¶ 11} A second trial began on July 23, 2018. The jury returned a verdict determining that the property value as of the date of take was $500,000.

{¶ 12} Hiironen appeals, presenting three assignments of error for our review.

**Law and Analysis**

{¶ 13} Each of Hiironen's three assignments of error argue that the trial court denied him procedural due process by granting ODOT's motions in limine. He argues that the trial court denied him due process by (1) not allowing him to present

evidence of the real property's actual use; (2) not allowing him to present expert testimony to support his and his appraiser's assessment of the property's fair market value; and (3) denying him the ability to effectively cross-examine the state's expert witness.

{¶ 14} As an initial matter, we must address the applicable standard of review. Hiironen asserts that because the ownership of property without undue government interference is a fundamental constitutional right, he is entitled to procedural due process. "Procedural due process requires reasonable notice and an opportunity to be heard before deprivation of a recognized property interest." *McCarthy v. Lippitt*, 7th Dist. Monroe No. 04-MO-1, 2004-Ohio-5367, ¶ 26, citing *Ohio Assn. of Pub. School Emp., AFSCME, AFL-CIO v. Lakewood City School Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 176, 624 N.E.2d 1043 (1994). Legal questions, including constitutional due process questions, are generally reviewed de novo. *State v. Ireland*, 155 Ohio St.3d 287, 2018-Ohio-4494, 121 N.E.3d 285, ¶ 11, citing *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 9.

{¶ 15} We agree that Hiironen was entitled to reasonable notice and an opportunity to be heard. The requirements for procedural due process, however, do not negate a court's duty to apply the rules of evidence. A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Ramadan v. Metrohealth Med. Ctr.*, 8th Dist. Cuyahoga No. 93981, 2011-Ohio-67, ¶ 12, citing *State v. Lyles*, 42 Ohio St.3d 98, 99, 537 N.E.2d 221 (1989). The Ohio Supreme Court has made clear that the abuse of discretion standard applies in this context,

holding that "much must be left to the discretion of the trial court in the matter of admitting or rejecting evidence relating to the value of the appropriated property." *Cuyahoga Cty. Bd. of Commrs. v. McNamara*, 8th Dist. Cuyahoga No. 95833, 2011-Ohio-3066, ¶ 25, quoting *In re Ohio Turnpike Comm.*, 164 Ohio St. 377, 388 N.E.2d 397 (1955). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), citing *Steiner v. Custer*, 137 Ohio St. 448, 31 N.E.2d 855 (1940).

{¶ 16} Hiironen's first argument is that the trial court denied him procedural due process by not allowing him to present evidence of the property's actual use. Specifically, he argues that he was prevented from introducing all evidence and testimony of the cryogenic purposes for which the property was being rehabilitated at the time of the take. Hiironen also argues that the failure to object to his introduction of actual use evidence in the first trial constituted a waiver of the issue that should have precluded the trial court from granting ODOT's motions in limine.

{¶ 17} Hiironen's argument, with respect to ODOT's alleged waiver of this issue, appears to be based on a misunderstanding of both the concept of waiver and the procedural history of this case. Hiironen argues that evidence ODOT did not object to during the first trial could not have been the subject of a motion in limine in the second trial based on ODOT's waiver. We disagree. A party's failure to object generally constitutes a waiver of error, if any, involved on appeal. *State v. Wickline*, 50 Ohio St.3d 114, 119-120, 552 N.E.2d 913 (1990). This proposition, however, does

not extend to circumstances like those in this case. Unlike in *Wickline*, ODOT was not, and is not, asserting any error on appeal. Instead, it was attempting to ensure that the very same evidentiary problems that led to a mistrial in the first trial did not occur in the second trial. In effect, it appears that ODOT was trying to ensure consistency in evidentiary rulings between the first and second trials — the very thing that Hiironen claims was jeopardized here. The trial court's rulings on the motions in limine support this. It granted ODOT's motions "pursuant" to earlier rulings. Finally, Hiironen's argument ignores the circumstances leading to the mistrial to begin with — including Hiironen's decision to withhold evidence from ODOT and his attempt to rely on expert opinions that the court had excluded.

{¶ 18} Further, even setting aside the validity of the trial court's evidentiary decision, we find no denial of procedural due process where Hiironen was afforded a full and fair opportunity to oppose ODOT's motions in limine. A party's disagreement with the outcome of a decision does not mean that the decision unconstitutionally divested the party of a protected interest without a fair hearing.

{¶ 19} We now turn to the evidentiary substance of Hiironen's first argument. Hiironen argues that the trial court erred by not allowing him to present evidence of the real property's actual use. Specifically, Hiironen asserts that the trial court excluded "all evidence, testimony, and mention of the actual cryogenic purposes for which the property was used and being rehabilitated for at the time of the take." A review of the record shows that Hiironen's position is incorrect.

{¶ 20} In one of its several July 18, 2018 judgment entries, the trial court granted ODOT's motion in limine to exclude all documentary evidence and testimony regarding Hiironen's planned future use of his building. In doing so, the court made a distinction between the improvements Hiironen had already made to the property and the value of a cryogenics lab he was attempting to create. The court noted that both parties agree that a jury may not award a property owner any lost future business or future earnings. Further, the court noted that at no time from the date Hiironen purchased the property in 2010, to the date of the take in 2016, was the building utilized as a lab facility, and none of the appraisers utilized in this case valued the building as a lab facility. For these reasons, the court concluded that the cryogenic storage facility concept was speculative and irrelevant, and any testimony regarding the concept would be prejudicial.

{¶ 21} Hiironen is generally correct that consideration may be given to the uses to which the property might be applied. *Sowers v. Schaeffer*, 155 Ohio St. 454, 457, 99 N.E.2d 313 (1951). We acknowledge that this rule contains an inherently speculative element. It also appears clear from the record that Hiironen has expertise in the area of cryogenic facilities, and that he had undertaken significant renovations to the property. These things do not, however, mean that Hiironen was in possession of a cryogenic facility on the date of the take. Likewise, we decline to adopt Hiironen's interpretation of the *Sowers* standard laid out above. Hiironen appears to request that this court extend the holding in *Sowers* so that consideration would be given by the factfinder to the uses to which the property might, after

significant additional expenditure and renovation, be applied. We reject this interpretation. Therefore, we find the court's decision to limit — not completely exclude — Hiironen's testimony regarding the future use of the property was not unreasonable, arbitrary, or unconscionable. Because the court's decision was not an abuse of discretion, we overrule Hiironen's first assignment of error.

{¶ 22} In his second assignment of error, Hiironen argues that the trial court denied him procedural due process by not allowing him to present expert testimony to support his own and his appraiser's assessment of the property's fair market value. Hiironen asserts that Eberhard, Fischback, and Garber would have testified about factors that an ordinary prudent businessperson would consider in determining fair market value of the property, and that he himself would have testified that he considered these experts' opinions in formulating his own opinion of the property's fair market value. Specifically, Hiironen argued that Garber's testimony would have been used to demonstrate the lack of any other reasonably comparable commercial freezer buildings in the marketplace, the primary consideration of a comparable sales approach. Hiironen asserts that because the expert testimony formed the basis of his own opinion and that of his appraiser, the testimony was relevant and should have been admitted.

{¶ 23} With respect to Eberhard and Fischback, the court found that neither was qualified to give an opinion of value of the property, and moreover, neither attempted to value the property. Instead, Eberhard provided architectural drawings of the building to Fischback, who then developed an estimated replacement cost.

Neither of the appraisers in the case used the work of Eberhard or Fischback to establish the value of the property. For these reasons, the court granted ODOT's motion in limine and ordered that the testimony of these witnesses, as well as testimony from Hiironen using Fischback's report as its foundation, would not be permitted at trial.

{¶ 24} Hiironen is generally correct that in determining the amount of compensation in an appropriation action, "every element that can fairly enter into the question of value, and which an ordinarily prudent business man would consider before forming judgment in making a purchase, should be considered." *Sowers*, 155 Ohio St. at 457, 99 N.E.2d 313. We disagree, though, with the application of this rule Hiironen sets forth. Where the expert witnesses in question neither valued the property nor had their work used in any appraiser's valuation of the property, we do not find the court's decision to exclude their expert testimony unreasonable, arbitrary, or unconscionable.

{¶ 25} Hiironen also argues that the trial court denied him procedural due process by excluding his own testimony in violation of the owner-opinion rule. The owner-opinion rule presumes that owners of personal or real property are "generally quite familiar with their property and its value" and therefore may "testify on value by virtue of their ownership alone," despite not being otherwise qualified as an expert on valuation. *Tokles & Son v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 625, 605 N.E.2d 936 (1992), citing *Morris v. Huber*, 2d Dist. 1184, 1933 Ohio Misc. LEXIS 1423 (June 12, 1933). Owner-opinion testimony is generally held to less

stringent standards than expert testimony on valuation, and Ohio courts have held that owner-opinion testimony does not generally require a specific foundation. *McNamara*, 8th Dist. Cuyahoga No. 95833, 2011-Ohio-3066, at ¶ 30, citing *Jones v. Dayton Power & Light Co.*, 2nd Dist. Greene No. 94-CA-49, 1994 Ohio App. LEXIS 5608 (Dec. 14, 1994).

{¶ 26} Here, the court did not prohibit Hiironen from testifying, pursuant to the owner-opinion rule, as to his opinion on the value of the property. The court merely ruled that Hiironen would be precluded from testifying as to his reliance on Fischback's report. The only limit the court placed on Hiironen's testimony in this respect is that he could not base his testimony on evidence the court had already deemed inadmissible. We do not find that this limitation was arbitrary, unreasonable, or unconscionable. Because the court's evidentiary decision to exclude certain expert testimony, and so limit Hiironen's testimony, was not an abuse of discretion, we overrule Hiironen's second assignment of error.

{¶ 27} In Hiironen's third and final assignment of error, he asserts that the trial court denied him procedural due process by denying him the ability to effectively cross-examine the state's expert witness with the expert reports from two witnesses who were not called at trial. Specifically, Hiironen asserts that he was unreasonably precluded from confronting and cross-examining the state's appraiser with testimony from Pool and Firca, both of whom were the subject of one of ODOT's April 2, 2018 motions in limine.

{¶ 28} ODOT did not call Firca or Pool to testify at trial. With respect to Firca, the trial court concluded that his appraisal of the property was done during the time that Hiironen had possession of the property, and Hiironen was uncooperative and refused to let Firca into his building or otherwise discuss elements of the property that related to value. With respect to Pool, the trial court concluded that his appraisal of the property took place after Hiironen caused significant damage to the property's interior. Therefore, the condition of the property at the time of Pool's appraisal was, unbeknownst to him, significantly different than its condition on the date of the take. Ultimately, the court concluded that Firca's and Pool's appraisals were inadequate, not because of any bias on the part of Firca, Pool, or ODOT, but as a direct result of Hiironen's actions. Therefore, the court concluded that their testimony would be irrelevant and speculative.

{¶ 29} In light of the foregoing, we cannot conclude that this decision was an abuse of discretion. Because it was not an abuse of discretion to exclude evidence from Firca and Pool, there is likewise no error in precluding Hiironen from relying on such evidence in his cross-examination of other witnesses. Therefore, Hiironen's third assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

RAYMOND C. HEADEN, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR