Zimmerman, J.
 

 These two cases are lodged in this court for decision on their merits pursuant to the allowance of motions to require the Court of Appeals to certify its records.
 

 No evidence was offered in the trial court — the Court of Common Pleas — and the controversies were there determined adversely to the appellant herein upon motions and demurrers directed to the certificates of appropriation which were filed on July 28, 1948, by appellant, George B. Sowers, Superintendent of Public Works of the State of Ohio.
 

 On the appeals on questions of law to the Court of Appeals, that court affirmed the judgments below and in each judgment entry found “no error manifest upon the face of the record in said orders and judgment of said Court of Common Pleas.”
 

 The paramount question in both cases is whether appellant, as Superintendent of Public Works, has the power and authority to acquire by eminent domain the property of the appellees herein for a state recreational park.
 

 As appears from the certificates of appropriation, the General Assembly of Ohio by two different enactments, one passed in 1945 and the other in 1947, appropriated the total sum of $640,000 to the Department of Public Works of the State of Ohio, to provide recreational parks to be located, one east and one west of the city of Cleveland, on the shores of Lake Erie, and such funds have been released by the Controlling Board for the purposes specified.
 

 
 *67
 
 In case No. 31662, the property sought to be appropriated is owned in fee simple by William G. Schaeffer and Ruth E. Schaeffer, subject to certain leasehold and lesser interests, and is situated in Black River township, Lorain county, Ohio, west of the city of Cleveland.
 

 In case No. 31663, the property sought to be appropriated is owned in fee simple by Lorain Concrete Products, Inc., and is situated in the same township, county and state. No leasehold or lesser interests are involved in this latter case.
 

 According to the brief of appellant, and the statement is uncontroverted, appellant, under authority of Section 154-15, General Code, appointed a group of three specialists, which unanimously selected and recommended a site for a state recreational park west of the city of Cleveland and which site included the property of the appellees involved herein.
 

 Section 154-3, General Code, provides
 
 inter alia
 
 for a “department of public works, which shall be administered by the Superintendent of Public Works as director thereof.”
 

 And then Section 154-40, General Code, expressly states:
 

 “In addition to the powers so transferred to it, the Department of Public Works shall have the following powers:
 

 “(5) To purchase all real estate required by the state government, or any department, office or institution thereof; in the exercise of which power such department shall have authority to exercise the power of eminent domain, in the manner provided by law for the exercise of such power by the Superintendent of Public Works in the appropriation of property for the public works of Ohio, as heretofore defined.”
 

 By Section 1, Article IT of the Constitution of Ohio,
 
 *68
 
 the legislative power of the state is vested in a General Assembly. When that body appropriated sums of money to the Department of Public Works “to provide” state recreational parks in specified localities of Ohio, the superintendent of the designated agency was only fulfilling his assigned duties in proceeding to act as directed, and if appropriation proceedings became necessary, as is the case here, to obtain the properties selected and desired, Section 154-40 (5), General Code, affords ample authority to do so.
 

 As defined in the Oxford English Dictionary (1933), the word “provide” means “to supply or furnish for use.” And while it is well settled that the exercise of the power of eminent domain depends upon the existence of a statute which either by express words or plain implication authorizes the employment of this power
 
 (Blackman
 
 v.
 
 City of Cincinnati,
 
 140 Ohio St., 25, 42 N. E. [2d], 158), we believe Section 154-40 (5), General Code, to be such a statute, which was invocable by the superintendent to carry out the directions of the General Assembly as contained in the appropriation acts referred to.
 

 In a situation of the kind presented, the superintendent had discretion in determining the necessity of particular property for the proposed use. 29 Corpus Juris Secundum, 885, 886, Eminent Domain, Section 90.
 

 The court therefore holds that the appellant possesses the power and authority to acquire the properties involved by appropriation proceedings.
 

 We have examined the certificates of appropriation in issue and find them to be in substantial compliance with Section 442, General Code, and cognate statutes. All persons having an interest or estate in the properties concerned were designated therein by name.
 

 In case No. 31662 — the Schaeffer case — the com
 
 *69
 
 plaint is made b.y some of the appellees that the blanket offer of $63,000 in the certificate of appropriation for all the property and the interests therein sought to be appropriated is too general and indefinite and that separate offers in separate amounts should have been made to the owners in fee and to those holding leasehold and lesser interests.
 

 However, where there are no specific statutory provisions to the contrary, the following propositions, with which we agree, have been announced in a substantial majority of the cases:
 

 An appropriation proceeding is essentially one
 
 in rein;
 
 it is not the taking of the rights of persons in the ordinary sense but an appropriation of physical properties. In the event there are several interests or estates in the parcel of real estate appropriated, the proper method of fixing the value of each interest or estate is to determine the value of the property as a whole, with a later apportionment of the amount awarded among the several owners according to their respective estates, rather than to take each interest or estate as a unit and fix the value thereof separately. Hence, separate interests or estates, as between the condemner and the owners, are regarded as one estate. One award constitutes compensation for the entire value of the land and it stands in the place of the property appropriated as the equivalent thereof. The division and distribution of the award among the owners of separate interests or estates rests wholly with them, and the condemner is not concerned therewith.
 
 Bogart
 
 v.
 
 United States
 
 (C. C. A. 10), 169 F. (2d), 210;
 
 City of St. Louis
 
 v.
 
 Rossi,
 
 333 Mo., 1092, 64 S. W. (2d), 600; 69 A L. R., 1263, annotation; 166 A. L. R., 1211, annotation; 29 Corpus Juris Secundum, 1102, Eminent Domain, Section 197. Compare
 
 Martin
 
 v.
 
 City of Columbus,
 
 101 Ohio St., 1, 127 N. E., 411.
 

 
 *70
 
 Consequently, the judgments of the. Court of Appeals are reversed in both cases and the causes remanded to the Court of Common Pleas for further proceedings according to law.
 

 Judgments reversed.
 

 Weygandt, C. J., Matthias, Stewart, Turner and Taft, JJ., concur.