Taft, C. J.
It is contended that the instrument, under which the gravel company claims, did not transfer any legal title in fee to the gravel company. Apparently, this question was not raised either in the Common Pleas Court or in the Court of Appeals, although it was discussed in the dissenting opinion in the latter court. Therefore, and especially because of the conclusion which we have reached on the other contention made, we will not pass upon this contention but will assume, as the two lower courts determined, that the gravel company is the owner in fee of the gravel located on the parcel of land involved in these appropriation proceedings.
*329 Hence, the question to be considered is whether, in the appropriation of an easement for highway purposes over and on property, the owner of the fee of mineral rights in the property may be joined in the same proceeding with the owner of the fee of the surface rights in that property.
It is necessary to join in an appropriation proceeding all those persons having of record or known to have an interest in the property being appropriated. The interest of any such one not so joined will not be affected by the appropriation proceeding. Hughes v. Cincinnati (1964), 175 Ohio St., 381, 195 N. E. (2d), 552.
It was therefore necessary that the gravel company be joined in these appropriation proceedings, if its rights were to be affected.
Paragraph two of the syllabus in Board of County Commissioners v. Thormyer, Dir. (1959), 169 Ohio St., 291, 159 N. E. (2d), 612, 75 A. L. R. (2d), 1373, reads:
“Since a land appropriation proceeding is essentially an appropriation of physical property and not merely the rights of persons, the value of the property as a whole is to be determined first without regard to what may be the interests of ownership therein, and although, after a determination of that amount, it must be apportioned among those having interests of ownership in the appropriated property, the determination of the extent of those interests of ownership is a matter of no concern to the appropriator of the property or to the jury called upon to determine the amount of the award.”
This statement of the law is fully sustained by our decisions and pronouncements of the law in Thormyer, Acting Dir. of Highways, v. Joseph Evans Ice Cream Co. (1958), 167 Ohio St., 463, 150 N. E. (2d), 30; Queen City Realty Co. v. Linzell, Dir. (1957), 166 Ohio St., 249, 142 N. E. (2d), 219; Sowers, Supt., v. Schaeffer (1951), 155 Ohio St., 454, 99 N. E. (2d), 313; Sowers, Supt., v. Schaeffer (1949), 152 Ohio St., 65, 87 N. E. (2d), 257.
In our opinion, even if the gravel company’s interest is a fee ownership of the sand and gravel in place that fact does not require an appropriation proceeding against it separate *330 from the proceeding against the owner of the fee of the surface rights.
The Court of Appeals, in the majority opinion, stated that “it will be noted that Sections 5519.01 and 5519.02 of the Revised Code of Ohio refer to owner, which obviously relates to a single owner.” However, the foregoing decisions hold that, since a land appropriation proceeding is essentially an appropriation of physical property, the value of the property as a whole is to be determined without regard to what may be the interests of ownership therein, and thereby construe the word “owner” in those statutes so as to include the word “owners.” This accords with Section 1.10, Revised Code, providing that “unless the context otherwise requires * * * words in the singular number include the plural number.”
The gravel company contends that it will be deprived of its constitutional rights if not given a separate trial.
In a concurring opinion in Thormyer v. Joseph Evans Ice Cream Co., supra, the writer of this opinion suggested that a constitutional problem might arise from requiring one having an interest in property being appropriated to assert his rights only with all others having interests in that property, as a group and as one party in a single jury trial for the determination of the value of the property being appropriated. The only solution to that problem is recognition of the owner of the fee as the one in charge of such single trial for the group. Any member of the group who was concerned about what might happen to his rights in such a trial could protect those rights when he acquired his interest in the property from the fee owner by making an agreement with the fee owner as to the conduct of any future appropriation proceedings. An owner of the fee of mineral rights could do likewise on acquiring his ownership interest from the owner of the fee before severance of the ownership of mineral rights therefrom.
The gravel company contends that the judgment of the Court of Appeals should be affirmed for reasons other than those stated in the opinion of the Court of Appeals. However, we believe that, in view of the foregoing determinations which we have made, there would no longer be any foundation for those reasons.
*331 The judgment of the Court of Appeals is, therefore, reversed, and the cause is remanded to the Common Pleas Court for further proceedings.

Judgment reversed.

Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.