HEINEY, Trustee, et al., Appellants,

v.

SYLVANIA TOWNSHIP BOARD OF ZONING APPEALS, Appellee.

[Cite as *Heiney v. Sylvania Twp. Bd. of Zoning Appeals* (1998), 126 Ohio App.3d 391.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–97–1353.

Decided Feb. 20, 1998.

*Jerome R. Parker,* for appellants.

HANDWORK, Presiding Judge.

This accelerated case is on appeal from the September 4, 1997 judgment of the Lucas County Court of Common Pleas, which affirmed the decision of the Sylvania Township Board of Zoning Appeals. On appeal, James W. Heiney, Trustee, and H & H Development Company, appellants, assert the following assignments of error:

"Assignment of Error Number One:

"The court erred in not reversing the action of the Sylvania Township Board of Zoning Appeals since the decision is unsupported by the preponderance of substantial, reliable and probative evidence, as a matter of law.

"Assignment of Error Number Two:

"The trial court abused its discretion in failing to reverse the decision of the Sylvania Township Board of Zoning Appeals"

Pursuant to R.C. 519.12 and Section 1206.1 of the Sylvania Township Amendment of the Zoning Resolution, H & H Development Company sought a conditional use permit to construct an assisted living facility at the corner of Sylvania Avenue and Corey Road in Sylvania Township. One month before the filing of this application, the township trustees amended the A–4 zoning classification to include assisted living facilities as a conditional use.

While the staff of the Lucas County Planning Commission recommended approving the proposed development with a few conditions, the Toledo–Lucas County Planning Commissions recommended disapproval of the conditional use permit by the Sylvania Township Board of Zoning Appeals. No explanation was given for the commissions' recommendation.

At a hearing before the Sylvania Township Board of Zoning Appeals, various parties spoke after having been sworn in as a group. The board denied the permit at its November 11, 1996 meeting without stating a reason.

Pursuant to R.C. 2506.01 and 2505.04, appellants filed an administrative appeal from the decision of the board to the Lucas County Court of Common Pleas on December 5, 1996. Appellants argued that the board's decision was unconstitutional, unreasonable, arbitrary, contrary to law, and not supported by a preponderance of substantial, reliable, and probative evidence.

The court of common pleas held in its September 4, 1997 judgment that the board's decision was not "arbitrary, capricious, or unreasonable" and was "supported by the preponderance of substantial, reliable and probative evidence." The court found that Heiney could not rely upon the board's grant of a conditional use permit to the neighboring funeral home as a basis for the automatic granting of his request for such a permit. The court also found that there was considerable evidence presented that the project would increase traffic in an already congested area. The recommendation of the Toledo–Lucas County Planning Commissions was also considered as a justification for the board's decision. On September 29, 1997, Heiney filed a notice of appeal from the decision of the court of common pleas to this court of appeals.

R.C. 519.14 empowers a township zoning board to grant a conditional use permit. This section provides: "The township board of zoning appeals may: * * * (C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution."

Section 1206.02 of the Sylvania Zoning Resolution sets forth the factors that the board of zoning appeals must consider when determining whether it will grant a conditional use permit. That section reads as follows:

"The following basic standard shall apply to conditional uses in any 'S', 'A–4' or 'R' District.

"(A) The location and size of the use, the nature and intensity of the operations involved in or conducted in; connection with it, its site layout and its relation to streets giving access to it shall be such that both pedestrian and vehicular traffic to and from the use and the assembly of persons in connection with it will not be hazardous, inconvenient or conflict with the normal traffic on residential streets, both at the time and as the same may be expected to increase with any prospective increase in the population of the area, taking into account convenient routes of pedestrian traffic, particularly of children, relation to main traffic thoroughfares and to street intersections, and the general character and intensity of development of the area.

"(B) The location and height of buildings, the location, nature and height of walls and fences, and the nature and extent of landscaping on the site shall be such that the use will not hinder or discourage the appropriate development and use of adjacent land and buildings.

"(C) The actual and specific use for which application is made [other than churches, educational institutions, and parochial schools (elementary and high)] shall be appropriate to the zoning district in which the site is located and shall not be determined to adjacent uses and structures or to the neighborhood."

The decision of the board of zoning appeals to deny or grant a conditional use permit is an administrative act and therefore is appealable under R.C. 2506.01. *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 455–456, 613 N.E.2d 580, 583–584. The common pleas court begins its review by presuming that the decision of the administrative agency is reasonable and valid. *Id.* at 456, 613 N.E.2d at 583–584, and *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400. Nonetheless, the function of the common pleas court, pursuant to R.C. 2506.04, is to weigh the evidence and determine whether the decision of the board is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04; *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 29–30, 465 N.E.2d 848, 852; and *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267. If the court finds that there was not a preponderance of substantial, reliable, and probative evidence to support the board's decision, R.C. 2506.03

specifically provides that the common pleas court may admit additional evidence. *Id.* and *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1116–1117. As an appellate court, our review is limited to a determination of whether, as a matter of law, the judgment of the trial court is supported by a preponderance of reliable, probative, and substantial evidence. R.C. 2506.04.

A hearing upon an application for a conditional use permit is an adjudicatory hearing, which, although open to the public, is not a public hearing where members of the general public may speak. *In re Rocky Point Plaza Corp.* (1993), 86 Ohio App.3d 486, 491–492, 621 N.E.2d 566, 568–570. At adjudicatory hearings, the rights of specific persons are determined based upon the direct evidence presented, not public opinion. *Adelman Real Estate Co. v. Gabanic* (1996), 109 Ohio App.3d 689, 694–695, 672 N.E.2d 1087, 1090–1091. Therefore, witnesses must testify about relevant facts, not their subjective and unsubstantiated opinions. Such witnesses must also be subject to cross-examination. *Id.* The unsworn testimony of a witness is not evidence that the board may consider. *Arcaro Bros. Builders, Inc. v. N. College Hill Zoning Bd. of Appeals* (1966), 7 Ohio St.2d 32, 36 O.O.2d 18, 218 N.E.2d 179.

In their first assignment of error, appellants argue that the common pleas court erred as a matter of law because its judgment was not supported by a preponderance of substantial, reliable, and probative evidence. In their second assignment of error, appellants argue that the common pleas court abused its discretion by affirming the decision of the Sylvania Board of Zoning Appeals. We address both of these assignments of error simultaneously.

The hearing before the board was not a properly conducted adjudicative hearing. First, there was no hearing examiner. Second, although the speakers were all sworn in as a group by the stenographer, a majority of the "witnesses" were either incompetent to testify or did not testify as to relevant, probative facts.

After a thorough review of the transcript of the hearing, we find that the following is the only direct probative evidence presented. A traffic engineer testified that the anticipated traffic that would be generated by this project on an average day would be less than that generated by the funeral home next door. Therefore, the traffic impact would be minimal, a potential increase of .25 percent. The traffic engineer blamed the current and future traffic problems in the area on the development in the Franklin Park Mall area. A land-use expert testified that he also concluded that the traffic problems in the area are more a result of the development farther west of the area at Franklin Park Mall. The land-use expert evaluated the site at issue and believed that the property would

be inappropriate for any of the other uses permitted under the A–4 zoning. An engineer for the project testified that the board issued a conditional use permit for the funeral home next door less than two years prior to this hearing.

Several people testified about their experience with the traffic congestion in the area. However, none of them testified about the impact this business would have upon the traffic congestion. One resident testified that a prior owner of the property was compensated by the state of Ohio for the damage to his property when I–475 was constructed. While these witnesses testified as to various facts, these facts are not probative of the issues to be decided.

A representative of the public and various residents of the surrounding community "testified" at the hearing as well. However, the key representative of the public interest, John Kennedy, stated at the outset of his "testimony" that he was giving his opinion. He enumerated what he believed were several zoning code violations, all of which the project engineer later refuted. Kennedy and other residents of the area testified as to concerns about residents of the facility wandering away from the site, the increased dangers of having elderly people drive in the area, and the general increase of traffic in the area and increase in traffic using area streets and drives for turning around and avoiding the intersection. These opinions, however, are not probative direct evidence of the issue presented and should not have been considered by the board in making its decision.

We conclude, therefore, that there was no reliable, probative evidence to support the decision of the Sylvania Township Board of Zoning Appeals. Therefore, the common pleas court erred as a matter of law by affirming that decision. Both of appellants' assignments of error are well taken.

The judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to that court with instructions either to remand the cause to the Sylvania Board of Zoning Appeals for an appropriate hearing as defined in this opinion or to conduct an evidentiary hearing itself in accordance with R.C. 2506.03 and for such further proceedings as may be in accordance with law and consistent with this opinion. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK and SHERCK, JJ., concur.