[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The Colerain Township Zoning Administrator granted a zoning certificate to Rumpke Container Services, Inc., to allow for the operation of a composting facility in a district zoned for light industry. The plaintiffs-appellants appealed to the Board of Zoning Appeals for Colerain Township in an effort to overturn the issuance of the certificate, but the board affirmed the administrator's decision. The plaintiffs-appellants then sought relief by way of an appeal to the Hamilton County Court of Common Pleas. The court affirmed the board's decision, and the plaintiffs-appellants now ask this court to reverse the common pleas court's judgment.
The plaintiffs-appellants claim that the trial court abused its discretion when it affirmed the decision of the board of zoning appeals, because the composting facility could not properly be classified as a light industrial operation suitable for a district zoned solely for light industrial activity. The plaintiffs-appellants claim that the composting facility should have been classified as a sanitary landfill and that the facility poses an environmental hazard to the community. We disagree.
The Supreme Court of Ohio, in Community ConcernedCitizens, Inc. v. Union Twp. Bd. of Zoning Appeals (1993),66 Ohio St.3d 452, 613 N.E.2d 580, held that, in reviewing a zoning board's decision whether to grant or deny a zoning certificate, a court must presume that the agency's decision is reasonable and valid. See id., citingC. Miller Chevrolet, Inc. v. Willoughby Hills (1974),38 Ohio St.2d 298, 313 N.E.2d 400. Courts evaluating the decision of an agency such as a board of zoning appeals must examine the record to determine whether it contains a preponderance of reliable, probative, and substantial evidence to support the agency's decision. See R.C. 2506.04; Dudukovich v.Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207,389 N.E.2d 1113, 1117. But a reviewing court should not substitute its judgment for that of the agency. See Dudukovich, supra. The appellate court's review is limited to a determination of whether the trial court abused its discretion in determining whether the agency's decision was supported by a preponderance of reliable, probative, and substantial evidence. See R.C. 2506.04; see, also,Heiney v. Sylvania Twp. Bd. of Zoning Appeals (1998), 126 Ohio App.3d 391,710 N.E.2d 725. In Cash v. Cincinnati Bd. of ZoningAppeals (1996), 117 Ohio App.3d 319, 690 N.E.2d 593, this court held that:
 [I]n undertaking this review, "the court may not, especially in areas of administrative expertise, blatantly substitute its judgment for that of the agency." In reviewing the decision of the court of common pleas, a court of appeals must determine whether the trial court abused its discretion. An abuse of discretion "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency."
Id. at 322-323, 690 N.E.2d at 595 (citations omitted); see, also,Segal v. Folkers (Nov. 6, 1998), Hamilton App. Nos. C-970986 and C-970993, unreported; Ober v. Deer Park (July 2, 1998), Hamilton App. No. C-970742, unreported.
Based upon the record in this case and the findings made by the common pleas court, we cannot say that the court abused its discretion when it affirmed the decision of the board of zoning appeals. The evidence in the record demonstrates that, prior to the issuance of the zoning certificate to Rumpke, an investigation was conducted in which the Ohio EPA was consulted by the zoning administrator to determine whether the composting facility posed an environmental hazard. The evidence further demonstrates that the composting facility operated by Rumpke was properly classified as a light industrial operation pursuant to Colerain Township's zoning code. Therefore, on the state of the record, we must overrule the assignment of error raised by the plaintiffs-appellants and affirm the judgment of the common pleas court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 23, 2000
per order of the Court _______________________________.
 _______________________________________________ Presiding Judge