Judgment reversed<br>and cause remanded.

MOYER, C.J., F.E. SWEENEY, PFEIFER, CHRISTLEY, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting for COOK, J.

---

John F. Kolberg, for appellee.

Rittgers & Rittgers, James A. Dearie and Ellen B. Rittgers, for appellant.

MOORE PERSONNEL SERVICES, INC., APPELLEE,
v. ZAINO, TAX COMMR., APPELLANT.

[Cite as *Moore Personnel Serv., Inc. v. Zaino,*
98 Ohio St.3d 337, 2003-Ohio-1089.]

(No. 2002–0810—Submitted February 26, 2003—Decided March 26, 2003.)

---

**Per Curiam.**

{¶ 1}  Appellant, Tax Commissioner, assessed a sales tax against appellee, Moore Personnel Services, Inc. ("Moore"), for certain services it provided to some

of its clients for the audit period January 1, 1994, to December 31, 1996. Moore had understandings, but no written contracts, with these clients that it would become the employer of persons designated by the clients. Moore did not interview or test the persons designated by the clients. The clients determined whom they wanted to work for them and sent those persons to Moore. The persons sent would fill out paperwork to become Moore employees.

{¶ 2} The persons sent to Moore by its clients were put on Moore's payroll. Moore paid these employees wages after it received time slips from the clients. Moore paid all taxes and other fees based on the employees' earnings. Moore did not charge the employees a fee for being on its payroll; rather, Moore's clients paid Moore a fee for its services.

{¶ 3} The Tax Commissioner assessed a sales tax against Moore for the services described above. Moore filed for a petition for reassessment. After a hearing, the Tax Commissioner denied Moore's petition. Moore appealed to the Board of Tax Appeals ("BTA"). Following a hearing at which Michael D. Moore, owner of Moore Personnel Services, Inc., testified, the BTA reversed the commissioner. The BTA found that such services did not constitute employment services, because Moore did not provide or supply employees to its customers but instead provided nontaxable payroll and personnel services.

{¶ 4} This cause is now before this court as an appeal of right.

{¶ 5} The Tax Commissioner contends that the service that Moore performed for its clients is subject to the Ohio sales tax as an "employment service," as that term is defined in the Ohio Revised Code. We agree.

{¶ 6} The tax in question is levied by R.C. 5739.02, which levies a sales tax "on each retail sale made in this state." The term "retail sale" is defined in R.C. 5739.01(E) as including all "sales," unless specifically excepted. A "sale" is defined in R.C. 5739.01(B)(3)(k) as including all transactions for a consideration by which an "[e]mployment service is or is to be provided."

{¶ 7} The facts in this case relevant to determining whether Moore was performing a taxable employment service are not in dispute. What is in dispute is the ultimate fact inferred from those underlying facts. In discussing whether this court has jurisdiction to review ultimate facts, as distinguished from basic facts, we stated in *Ace Steel Baling, Inc. v. Porterfield* (1969), 19 Ohio St.2d 137, 142, 48 O.O.2d 169, 249 N.E.2d 892, "The decision of the [BTA] derived from an inference of an ultimate fact, *i.e.*, a factual conclusion derived from given basic facts. The reasonableness of such an inference is a question appropriate for judicial determination. 'What the evidence in a case tends to prove, is a question of law; and when all the facts are admitted which the evidence tends to prove, the effect of such facts raises a question of law only.' *Turner v. Turner* (1867), 17 Ohio St. 449, 452 [1867 WL 29]. See also, *Southern Pacific Co. v. Pub. Util. Comm.* (1953), 41 Cal.2d 354, 362, 260 P.2d 70."

{¶ 8}   To determine whether Moore was providing a taxable employment service, the facts must be compared to the definition of "employment service" in R.C. 5739.01(JJ), which provides:

{¶ 9}   " 'Employment service' means providing or supplying personnel, on a temporary or long-term basis, to perform work or labor under the supervision or control of another, when the personnel so supplied receive their wages, salary, or other compensation from the provider of the service. 'Employment service' does not include:

{¶ 10}   "(1) Acting as a contractor or subcontractor, where the personnel performing the work are not under the direct control of the purchaser.

{¶ 11}   "(2) Medical and health care services.

{¶ 12}   "(3) Supplying personnel to a purchaser pursuant to a contract of at least one year between the service provider and the purchaser that specifies that each employee covered under the contract is assigned to the purchaser on a permanent basis.

{¶ 13}   "(4) Transactions between members of an affiliated group, as defined in division (B)(3)(e) of this section."

{¶ 14}   To satisfy the definition of "employment service," a service must meet three separate requirements: (1) it must provide or supply personnel on a temporary or long-term basis, (2) the personnel must perform work or labor under the supervision or control of another, and (3) the personnel must receive their wages, salary, or other compensation from the provider of the service. Only the first requirement is in dispute in this case. Therefore, the resolution of this case is determined by whether Moore was "supplying or providing" personnel as those words are used in the definition of "employment service."

{¶ 15}   The words "providing" and "supplying" are not defined in the statute. However, when words are not defined in a statute they are to be given their common and ordinary meaning absent a contrary legislative intent. *State v. Conyers* (1999), 87 Ohio St.3d 246, 249, 719 N.E.2d 535. In addition, R.C. 1.42 provides that the terms used in statutes "shall be read in context and construed according to the rules of grammar and common usage."

{¶ 16}   In *Sowers v. Schaeffer* (1949), 152 Ohio St. 65, 68, 39 O.O. 383, 87 N.E.2d 257, we stated that "[a]s defined in the Oxford English Dictionary (1933), the word 'provide' means 'to supply or furnish for use.' " In another sales tax case, *Key Serv. Corp. v. Zaino* (2002), 95 Ohio St.3d 11, 14, 764 N.E.2d 1015, we used Webster's Third New International Dictionary (1993) to define the word "provide" as "to supply for use."

{¶ 17}   In *Van Dyne Crotty Co. v. Limbach* (1990), 53 Ohio St.3d 3, 4, 558 N.E.2d 44, also a sales tax case, we stated that "[a]ccording to Black's Law

Dictionary (5th Ed.1979) 1291, 'supply' means to '[t]o furnish with what is wanted; * * * the act of furnishing with what is wanted.' "

{¶ 18}  When we insert the definitions set forth above into the definition of "employment service," we find that it was Moore that was furnishing personnel for use by its clients and it was Moore that was furnishing its clients with the personnel the clients wanted.  There is no question that the personnel were employees of Moore.  The personnel cannot be considered as having been furnished to Moore by Moore's clients because, as we noted in *Van Dyne Crotty Co.*, "[o]ne does not furnish another with * * * articles * * * that belong to that other individual."  Id., 53 Ohio St.3d at 4–5, 558 N.E.2d 44.

{¶ 19}  The fact that Moore's clients chose whom they wanted Moore to hire is not a factor to be considered in determining whether Moore was providing an "employment service."  The definition of "employment service" set forth by the General Assembly makes no distinction as to who initially chooses the personnel that are being provided or supplied.  If the General Assembly had intended the definition to turn on who initially chooses the personnel, it would have put that requirement in the definition.  We will not add such a requirement.  In *Wheeling Steel Corp. v. Porterfield* (1970), 24 Ohio St.2d 24, 27–28, 53 O.O.2d 13, 263 N.E.2d 249, we stated that "[n]either the Board of Tax Appeals, nor this court, may legislate to add a requirement to a statute enacted by the General Assembly."

{¶ 20}  The relevant facts are that Moore was providing and supplying personnel on a temporary or long-term basis to perform work for another.  The personnel supplied by Moore were Moore's employees, although they worked under the supervision or control of Moore's clients.  The personnel supplied to Moore's clients received their compensation from Moore, the "provider of the service."  Thus, Moore's services meet the definition of "employment service" set forth in R.C. 5739.01(JJ).

{¶ 21}  Because the BTA ruled that Moore had not been providing an employment service, it did not consider whether Moore's services were excepted under R.C. 5739.01(JJ)(3).  On remand, the BTA is to consider Moore's status under R.C. 5739.01(JJ)(3), if such review is appropriate under Moore's notice of appeal.

{¶ 22}  For the foregoing reasons, we find the decision of the BTA to be unlawful and unreasonable.  We therefore reverse the decision and remand the cause to the BTA for further consideration.

Decision reversed
and cause remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

Jim Petro, Attorney General, and Robert C. Maier, Assistant Attorney General, for appellant.