OPINION
{¶ 1} Plaintiff-appellant, Timothy Taylor, appeals the decision[1]
of the Butler County Court of Common Pleas that affirmed the determination by defendant-appellee, Wayne Township Board of Zoning Appeals ("BZA"), to uphold the issuance of a zoning citation for *Page 2 
vehicles on appellant's property.[2]
 {¶ 2} According to the transcript filed by the BZA, the Wayne Township zoning inspector received complaints that appellant had numerous vehicles on his property and was, thereby, in violation of Section 19.5 of the township zoning code related to parking, rebuilding, and storage of vehicles. The inspector subsequently issued a citation to appellant, and appellant asked for a hearing before the BZA.[3]
 {¶ 3} At the hearing, appellant and his legal counsel discussed the citation and the issues raised by opinions from the prosecutor's office in response to the zoning inspector's inquiries and correspondence from appellant's counsel. Appellant's arguments focused on his assertion that the vehicles in question were collector's vehicles and the township could not legally require that he store his collector's vehicles inside buildings. Appellant also argued that the township was selectively enforcing the zoning code section against him. The BZA subsequently voted to affirm the decision of the zoning inspector to issue the citation.
 {¶ 4} Appellant appealed the BZA decision to the common pleas court, which affirmed the BZA. Appellant appeals to this court, setting forth a single assignment of error.
 {¶ 5} Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED IN AFFIRMING THE WAYNE TOWNSHIP BOARD OF ZONING APPEALS' DECISION."
 {¶ 7} The issues presented by appellant under his assignment of error involve whether the vehicles stored on his property are collector's vehicles, whether the Board of Trustees exceeded its authority in enacting Section 19.5, and whether the zoning code was selectively enforced against appellant. *Page 3 
 {¶ 8} R.C. Chapter 2506 provides for the appeal of a final decision of an administrative body to the common pleas court. In reviewing the administrative decision, the common pleas court must determine whether the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. R.C. 2506.04.
 {¶ 9} In reviewing an administrative decision, a court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid. Community ConcernedCitizens, Inc. v. Union Twp. Bd. of Zoning Appeals, 66 Ohio St.3d 452,456, 1993-Ohio-115. Common pleas courts evaluating the decision of an administrative body must weigh the evidence in the record in order to determine whether there is a preponderance of reliable, probative, and substantial evidence supporting the decision, but the reviewing court should not substitute its judgment for that of the agency. Id.;Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
 {¶ 10} As an appellate court, our review is limited to a determination of whether, as a matter of law, the judgment of the common pleas court is supported by a preponderance of reliable, probative, and substantial evidence. R.C. 2506.04; Heiney v. Sylvania Twp. Bd. of ZoningAppeals (1998), 126 Ohio App.3d 391, 395-396.
 {¶ 11} Under R.C. 519.02, township trustees may regulate building and land use in unincorporated territory for a public purpose. Section 19.5 of the Wayne Township zoning code states: "In any district, where not permitted, the repairing, rebuilding, dismantling, or storage of more than one (1) inoperative or unlicensed vehicle outside of an enclosed building shall be prohibited. No dismantled vehicle or any vehicle in process of being dismantled shall be kept over thirty (30) days without being in an enclosed building."
 {¶ 12} R.C. 505.173(A) states that, "notwithstanding sections 4513.60
to 4513.65 of *Page 4 
the Revised Code, the board of township trustees may adopt resolutions as the board considers necessary to regulate the storage of junk motor vehicles on private or public property within the unincorporated area of the township. * * *
 {¶ 13} "Except for a case in which division (C) of this section applies, no resolution shall prevent a person from storing or keeping, or restrict a person in the method of storing or keeping, any collector's vehicle on private property with the permission of the person having the right to the possession of the property, except that a person having such permission may be required to conceal, by means of buildings, fences, vegetation, terrain, or other suitable screening, any unlicensed collector's vehicle stored in the open."
 {¶ 14} "(C) Regardless of whether it is licensed or unlicensed, a collector's vehicle is a "junk motor vehicle" for purposes of this section if the collector's vehicle meets all of the criteria contained in division (E) of this section. If a collector's vehicle meets all of the criteria contained in division (E) of this section, a board of township trustees, in accordance with division (A) of this section, may regulate the storage of that motor vehicle on private or public property in the same manner that the board may regulate the storage of any other junk motor vehicle and, in case of a violation of this section, may pursue any remedy provided by law, including any remedy provided in division (B) of this section.
 {¶ 15} "(E) As used in this section, `junk motor vehicle' means a motor vehicle that meets all of the following criteria: (1) Three model years old, or older; (2) Apparently inoperable; (3) Extensively damaged, including, but not limited to, any of the following: missing wheels, tires, engine, or transmission."
 {¶ 16} Appellant directed the BZA to the definition of "collector" vehicle provided in R.C. 4501.01(F), which involves a vehicle that is "of special interest," with a "fair market value of one hundred dollars or more, whether operable or not, and that is owned, operated, collected, preserved, restored, maintained, or used essentially as a collector's item, leisure *Page 5 
pursuit, or investment, but not as the owner's principal means of transportation." The terms "of special interest," "collector's item," "leisure pursuit," or "investment" were not otherwise defined. SeeMoore Personnel Serv., Inc. v. Zaino, 98 Ohio St.3d 337, 2003-Ohio-1089, ¶ 15
(when words are not defined in a statute, they are to be given their common and ordinary meaning, absent a contrary legislative intent).
 {¶ 17} Appellant presented the BZA with photographs taken of his property and some of the photos depicted portions of some of the vehicles at issue. He indicated that numerous vehicles are stored on his property both inside and outside of buildings because they are used in demolition derby events. At the time the citation was issued, reportedly ten vehicles were located outside of appellant's buildings.[4]
Appellant told the BZA that the vehicles are valued "anywhere from $500 to $1,500 a piece," that all of the vehicles are "complete." Appellant said, "Probably 5 or 6 of them that's back there has complete motor, transmissions, all the tires and wheels and everything's on them, no broken out glass or anything like that."
 {¶ 18} The common pleas court reviewed the transcript from the BZA, including the photographs that depicted the condition of some of the vehicles, and found the record supported the BZA's determination that the vehicles at issue were not collector's vehicles. The common pleas court indicated that the BZA's interpretation of "collector" vehicle, which emphasized the preservation rather than the destruction of the vehicle, was "consistent with the plain, ordinary meaning of the phrase "collector" vehicle and the "intention of the drafters of the legislation." See R.C. 4501.01(F); see Ohio Adm. Code 4501:1-7-14.
 {¶ 19} We find, as a matter of law, that the judgment of the common pleas court is upported by a preponderance of reliable, probative, and substantial evidence. R.C. 2506.04.
 {¶ 20} The common pleas court also made the finding that R.C. 505.173
is not *Page 6 
applicable to the citation issued because the vehicles in question were not collector's vehicles. Cf. Board of Township Trustees of OhioTownship v. Coyne (Nov. 18, 1981), Clermont App. No. 914 (it was incumbent upon appellant to prove that he was storing collector's vehicles). Further, the common pleas court noted that even if R.C. 505.173 were applicable, "[appellant's vehicles are not collector's vehicles and are junk motor vehicles."
 {¶ 21} The common pleas court found that Section 19.5 was a valid, enforceable zoning regulation, rejecting appellant's arguments that Section 19.5 of the township zoning code was inconsistent with and preempted by R.C. 505.173, or that it impermissibly regulated collector's vehicles. See Arnold v. Cleveland (1993), 67 Ohio St.3d 35;Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Twp. Bd. of ZoningAppeals (1988), 38 Ohio St.3d 184 (zoning regulations are entitled to a presumption of validity, and the party challenging the validity of a zoning ordinance has the burden of removing that presumption);Atwater Twp. Trustees v. B.F.I. Willowcreek Landfill, 67 Ohio St.3d 293,296, 1993-Ohio-216 (in general, a validly enacted local law is not preempted by a state statute unless it conflicts with that statute); cf.Claridon Twp. Zoning Inspector v. Rider (July 10, 1987), Geauga App. No. 1301 (intent of local resolution to prohibit the uncovered storage or parking of junk, inoperable, wrecked or unlicensed motor vehicles was in harmony with statute [R.C. 4513.65] regarding collector's vehicles).
 {¶ 22} We find, as a matter of law, that the judgment of the common pleas court is supported by a preponderance of reliable, probative, and substantial evidence. R.C. 2506.04.
 {¶ 23} Appellant also argued that the township zoning code was selectively enforced against him, and he provided photographs of motor vehicles on other properties in the neighborhood that he claimed were in violation of the township's zoning code. Appellant indicated that he stored vehicles for demolition derby and other pursuits for numerous years *Page 7 
without any problems, and complaints were lodged against him after a "falling out" with a neighbor. There was also some evidence that a trustee leaving the board of township trustees initiated one of the complaints before appellant took office as a member of the board.
 {¶ 24} If a law, while fair on its face, is applied in a manner resulting in material unjust and illegal discriminations between persons in similar circumstances, there is a denial of equal protection.State v. Flynt (1980), 63 Ohio St.2d 132, 134.
 {¶ 25} "To support a defense of selective or discriminatory prosecution, [the party alleging selective prosecution] bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. These two essential elements are sometimes referred to as `intentional and purposeful discrimination.'" Id., citing United Statesv. Berrios (C.A.2, 1974), 501 F.2d 1207, 1211.
 {¶ 26} In order for selective enforcement to amount to a denial of equal protection, an element of purposeful or intentional discrimination must be shown, and this is not satisfied by a mere showing that others similarly situated have not been prosecuted. W. Chester Twp. Bd. ofTrustees v. Speedway Superamerica, L.L.C., Butler App. No. CA2006-05-104, 2007-Ohio-2844, ¶ 49.
 {¶ 27} The record before the BZA indicated that the zoning inspector told the BZA that he planned to or had responded to other zoning complaints, and provided the resolution, if any, of some of those complaints. The zoning inspector acknowledged that the individuals who complained about appellant's property asked the zoning inspector to seek the county *Page 8 
prosecutor's opinion when they disagreed with how the inspector was interpreting the issues.
 {¶ 28} The trial court found that, even if other properties are similarly situated and the township zoning inspector permitted the violations to continue, appellant failed to demonstrate that the zoning inspector improperly proceeded with this action in bad faith. See id.
 {¶ 29} We find, as a matter of law, that the judgment of the common pleas court is supported by a preponderance of reliable, probative, and substantial evidence. R.C. 2506.04.
 {¶ 30} This court asked both parties to provide supplemental briefs to discuss questions from this court, and having reviewed those briefs, we are satisfied that no additional discussion is required. Appellant's assignment of error is overruled.
 {¶ 31} Judgment affirmed.
BRESSLER and POWELL, JJ., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this case from the accelerated calendar.
[2] Also listed as a defendant-appellee in this case is the Wayne Township Board of Trustees.
[3] Issues surrounding the complaints made about appellant's property and the enforcement action will be discussed more fully later in this opinion.
[4] At the time of the hearing before the BZA, appellant had erected a solid fence partially around the outside cars. *Page 1